UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DR DISTRIBUTORS, LLC,               )
                                    )
    Plaintiff,                      )
                                    )   Case No. 3:12-CV-50324
    v.                              )
                                    )
21 CENTURY SMOKING, INC.,           )
                                    )
    Defendant.                      )

# COMPLAINT

Plaintiff, DR Distributors, LLC, ("DR" or "Plaintiff"), by its attorneys, complaining of the named Defendant, for its complaint alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action for trademark infringement and counterfeiting, false advertising, false designation of origin, and unfair competition, arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1127, and the common and statutory laws of the State of Illinois.

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1338 and 15 U.S.C. § 1121, as well as the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over the Defendant because it is formed under the laws of the State of Illinois, and maintains a principal place of business within this judicial

district.

4. Venue is proper in this district under 28 U.S.C. § 1391, because a substantial part of the events giving rise to the clams occurred in this district, and the Defendant maintains places of business in this district.

## JURY TRIAL DEMANDED

5. Plaintiff hereby demands a jury trial on all triable issues.

## THE PARTIES

6. Plaintiff, DR Distributors, LLC ("DR" or Plaintiff) is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business at 1707 E. State Street, Rockford, Illinois 61104.

7. On information and belief, Defendant 21 Century Smoking, Inc. is a corporation with a principal place of business located at 2516 N. Lincoln Avenue, Chicago, Illinois 60614, that is engaged in the business of retail sales and marketing of electronic smoking products.

## FACTS COMMON TO ALL CLAIMS

### A. DR's History and Trademark Rights

8. Since 2008, DR has been a well-known manufacturer, importer, and distributor of merchandise throughout the United States, and owns a number of federal and common law trademarks covering such products.

9. Since at least April 2010, DR has used the mark 21ST CENTURY SMOKE to designate its electronic cigarette products and accessories, and has been the sole source of such goods under

that mark.

10. The 21ST CENTURY SMOKE trademark has been in continuous use in commerce since August 2010.

11. DR has been the exclusive user of the 21ST CENTURY SMOKE trademark since its introduction.

12. The 21ST CENTURY SMOKE trademark is inherently distinctive.

13. The United States Patent and Trademark Office granted DR a federal registration of its 21ST CENTURY SMOKE trademark on May 3, 2011, under Registration No. 3,953,768. See **Exhibit A**.

14. On February 29, 2012, DR filed a federal intent-to-use trademark application for the mark SMOKE THIS BY 21ST CENTURY SMOKE, for "electronic cigarettes."

15. DR's trademark application for the mark SMOKE THIS BY 21ST CENTURY SMOKE was published for opposition by the United States Patent and Trademark Office on August 7, 2012.

16. Since its introduction, DR has prominently displayed its 21ST CENTURY SMOKE mark on product packaging, promotional material, advertisements, and catalogues.

17. DR has developed a nationwide business and customer base for these products throughout the United States and Illinois.

18. Since 2010, DR has invested a great deal of time, energy and money in connection with the advertising and promotion of the 21ST CENTURY SMOKE Trademark.

19. As a result of the unique and inherently distinctive nature of the 21ST CENTURY SMOKE mark, and DR's nationwide marketing and distribution of same, the 21ST CENTURY SMOKE mark has acquired strong secondary meaning, it has become associated with DR in the

minds of the trade and the consuming public, and has come to represent substantial good will.

20. The 21ST CENTURY SMOKE mark distinguishes DR as the exclusive source of these electronic cigarette and accessory products.

21. As a result of substantial advertising and marketing, the 21ST CENTURY SMOKE brand has become an asset of substantial value, and a distinctive indicator of the origin and quality of DR's goods.

22. DR has developed significant and valuable goodwill in its mark since first commencing use of the mark in interstate commerce.

    B.  Defendant's Infringing Activities

23. Upon information and belief, Defendant is a retailer of electronic cigarette products with a business location at 2516 N. Lincoln Avenue, Chicago, Illinois 60614.

24. Upon information and belief, at the time Plaintiff first became aware of Defendant, Defendant's retail sales consisted exclusively of third-party brands of electronic cigarettes and electronic cigarette accessory products, including but not limited to the BLACKJACK, POCKET ACE, and JACKPOT brands, sold locally in Chicago, Illinois.

25. Upon information and belief, at the time Plaintiff first became aware of Defendant, Defendant sold no goods bearing the term "21 Century Smoking," and its use of the term "21 Century Smoking" was limited to the designation of its retail services strictly within the geographically limited Chicago, Illinois area.

26. Defendant has had actual knowledge of DR's Mark 21ST CENTURY SMOKE since at least as early as June 2011.

27. Beginning after DR's 21ST CENTURY SMOKE products entered the market, and with

full knowledge of DR's ownership of the 21ST CENTURY SMOKE products and trademark, Defendant began expanding its use of its competing and infringing "21 Century Smoking" designation.

28. Upon information and belief, Defendant expanded the number of retail locations bearing the "21 Century Smoking" designation by authorizing third parties to open "21 Century Smoking" retail kiosks in shopping malls in several states, including California, Ohio, Illinois, and Nebraska.

29. Upon information and belief, at the time Plaintiff first became aware of Defendant's retail outlet expansion, the products offered at these additional "21 Century Smoking" retail locations consisted exclusively of third-party brands of electronic cigarettes and electronic cigarette accessory products.

30. On or about February 26, 2012, Plaintiff discovered that Defendant had allegedly commenced offering electronic cigarettes and electronic cigarette accessory products bearing the infringing "21 Century Smoking" designation on its website at *http://www.21centurysmoking.com*.

31. Plaintiff immediately launched an investigation of Defendant's possible use of the infringing "21 Century Smoking" designation on electronic cigarettes and electronic cigarette accessory products.

32. The goods being offered by Defendant bearing the infringing term "21 Century Smoking" is directed and targeted toward the same group of ultimate consumers as are DR's goods, marketed and sold under its mark 21ST CENTURY SMOKE.

33. On March 6, 2012, Plaintiff's investigation confirmed that Defendant had indeed commenced use of the infringing "21 Century Smoking" designation on goods being offered in

commerce, namely electronic cigarettes and electronic cigarette accessory products. Attached hereto as **Exhibit B** are images of goods purchased during Plaintiff's investigation from the Defendant's website at *http://www.21centurysmoking.com*.

34. Beginning after DR's 21ST CENTURY SMOKE products entered the market, and with full knowledge of DR's ownership of the 21ST CENTURY SMOKE products and trademark, and with the intent to misrepresent the source of Defendant's goods, Defendant copied, adopted, and is using a reproduction, copy, counterfeit, or colorable imitation of Plaintiff's 21ST CENTURY SMOKE trademark in connection with the distribution, marketing, and sale of infringing products in the United States and in Illinois, to the detriment and injury of Plaintiff.

35. The infringing products offered for sale by Defendant were not manufactured, authorized, licensed, or approved by Plaintiff. Defendant labeled these products using a reproduction, copy, counterfeit, or colorable imitation of Plaintiff's 21ST CENTURY SMOKE trademark to imply that they were made by, sponsored by, or associated with Plaintiff.

36. Defendant is not now and has never been authorized by Plaintiff, and is not now and has never been entitled to use Plaintiff's 21ST CENTURY SMOKE trademark in connection with any business.

37. In November 2011, DR received a complaint from the Better Business Bureau regarding DR's goods bearing the CENTURY SMOKE trademark, when in fact the goods complained of in the BBB complaint were products and services that had actually been provided by Defendant under its infringing 21 CENTURY SMOKING designation.

38. Defendant is using in commerce, and unless restrained, will continue to use in commerce, a word, term, name, or symbol which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin,

sponsorship, or approval of Defendant's goods. Plaintiff believes that it is or is likely to be damaged by such acts.

39. Defendant's use of a reproduction, copy, counterfeit, or colorable imitation of Plaintiff's 21ST CENTURY SMOKE trademark is likely to cause confusion, mistake or deception. In particular, consumers are likely to believe that Defendant's merchandise is authorized, sponsored, or otherwise approved by Plaintiff, when in fact it is not. Such confusion is likely to occur within Illinois.

40. Plaintiff has been and continues to be injured by Defendant's unlawful acts.

41. Upon information and belief, Defendant has performed the acts complained of herein willfully and with knowledge of the infringement that they would cause, and with intent to cause, confusion, mistake, or deception, and to appropriate and unfairly trade upon Plaintiff's goodwill in its 21ST CENTURY SMOKE trademark.

42. As a proximate result of the acts of Defendant as alleged herein, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits.

43. Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless Defendant is preliminarily and permanently enjoined by this Court.

## COUNT I

### FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO LANHAM ACT §§ 32, 34 (15 U.S.C. §§ 1114, 1116)

44. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 43 of this Complaint as if fully set forth again herein.

45. The 21ST CENTURY SMOKE mark is registered with the United States Patent and Trademark Office as U.S. Reg. No. 3,953,768.

46. Without Plaintiff's authorization or consent, Defendant shipped, offered for sale, sold, or facilitated the sale of goods bearing marks that are reproductions, copies, counterfeits, or colorable imitations of Plaintiff's 21ST CENTURY SMOKE trademark, to the consuming public or trade, in direct competition with the sale of Plaintiff's authentic goods bearing its 21ST CENTURY SMOKE, in or affecting interstate commerce, in violation of the Lanham Act, specifically 15 U.S.C. § 1114 and 1116.

47. Defendant's use of reproductions, copies, counterfeits, or colorable imitations of Plaintiff's 21ST CENTURY SMOKE trademark is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendant's goods, and cause the consuming public or trade to believe that Defendant's goods have been approved by Plaintiff or that Defendant is legitimately associated with Plaintiff or authorized by Plaintiff to use its 21ST CENTURY SMOKE trademark.

48. Defendant's conduct is causing immediate and irreparable injury to Plaintiff, its goodwill, and reputation, and will continue to damage Plaintiff and deceive the public unless temporarily, preliminarily, and permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

49. In addition to injunctive relief, Plaintiff is entitled to recover actual damages, Defendant's profits, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 in an amount to be

determined at trial. Any such damages and awards should be trebled pursuant to 15 U.S.C. § 1117(b).

50. Plaintiff reserves the right to seek statutory damages pursuant to 15 U.S.C. § 1117(c).

51. Plaintiff is further entitled to an Order directing that all items in the possession, custody, or control of Defendant bearing reproductions, copies, counterfeits, or colorable imitations of Plaintiff's 21ST CENTURY SMOKE trademark be delivered up to Plaintiff for destruction pursuant to 15 U.S.C. § 1118.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN PURSUANT TO LANHAM ACT § 43(a) (15 U.S.C. § 1125(a))

52. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 51 of this Complaint as if fully set forth again herein.

53. Plaintiff's 21ST CENTURY SMOKE trademark is a source identifier for genuine 21ST CENTURY SMOKE products.

54. Defendant's unauthorized use of reproductions, copies, counterfeits, or colorable imitations of Plaintiff's 21ST CENTURY SMOKE trademark is likely to cause confusion, mistake, or to deceive the consuming public and trade as to the origin, sponsorship, or approval of Defendant's products and packaging.

55. By reason of the foregoing acts of Defendant, the consuming public or trade is likely to believe that Defendant's goods have been approved by Plaintiff, and such use falsely represents Defendant as being legitimately affiliated, connected, or associated with or authorized by Plaintiff, and places Plaintiff's valuable and hard-earned goodwill and reputation in the hands of Defendant, in violation of 15 U.S.C. § 1125(a).

56. Defendant's conduct is causing immediate and irreparable injury to Plaintiff, its goodwill,

and reputation, and will continue to damage Plaintiff and deceive the public unless temporarily, preliminarily, and permanently enjoined by this Court.

57. In addition to injunctive relief, Plaintiff is entitled to recover actual damages, Defendant's profits, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 in an amount to be determined at trial.

58. Plaintiff is further entitled to an Order directing that all items in the possession, custody, or control of Defendant bearing reproductions, copies, counterfeits, or colorable imitations of Plaintiff's 21ST CENTURY SMOKE trademark be delivered up to Plaintiff for destruction pursuant to 15 U.S.C. § 1118.

## COUNT III

## COMMON LAW UNFAIR COMPETITION

59. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 58 of this Complaint as if fully set forth again herein.

60. The acts of Defendant have caused unfair and unjust commercial injury to Plaintiff.

61. Because of Defendant's actions, Plaintiff has been, and will be, forced to take corrective action in the marketplace to correct Defendant's misrepresentations regarding Plaintiff's product, has lost business and potential business as a result of that conduct, and has incurred commercial and marketplace damages as a continuing result of same.

62. Defendant's actions constitute a violation of the common-law tort of unfair competition.

63. Plaintiff is entitled to damages as a result of Defendant's unfair conduct.

## COUNT IV

## ILLINOIS DECEPTIVE TRADE PRACTICES ACT (815 ILCS 510/2)

64. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 63 of this Complaint as if fully set forth again herein.

65. Defendant's actions are likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods or services.

66. Defendant's actions are likely to cause confusion or misunderstanding as to Defendant's affiliation, connection, or association with Plaintiff.

67. Defendant's actions disparage the goods, services, and business of Plaintiff by making false or misleading factual representations.

68. Upon information and belief, Defendant's conduct as described above has been willful, wanton, reckless, and in total disregard for Plaintiff's rights.

69. Such actions constitute a violation of 815 ILCS 510/2, and Plaintiff is entitled to damages for same.

70. Furthermore, upon information and belief, Defendant's violation of 815 ILCS 510/2 was willful and deliberate, and Plaintiff should therefore be entitled to the costs of this action and reasonable attorneys' fees for same pursuant to 815 ILCS 510/3.

## RELIEF REQUESTED

Plaintiff has suffered, is suffering and will continue to suffer irreparable harm and damage as a result of Defendant's aforesaid activities. Defendant will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to Plaintiff's irreparable damage. Plaintiff's remedy at law is not adequate to compensate it for the injuries suffered and threatened.

By reason of Defendant's acts complained of herein, Plaintiff has suffered monetary damages in an amount not yet determined.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant, and requests that this Court:

A. Order that Defendant has violated Sections 32 and 34 of the Lanham Act;

B. Order that Defendant has violated Section 43(a) of the Lanham Act;

C. Order that Defendant has violated Illinois 815 ILCS 510/2;

D. Order that Defendant has committed the common law tort of unfair competition;

E. Order that Defendant, its agents, servants, employees, attorneys, and related companies and all persons acting for, with, by, through or under them, with notice of the Court's Order by personal service, electronic mail, or otherwise, be temporarily, preliminarily and thereafter permanently enjoined and restrained from:

  (a) using the 21ST CENTURY SMOKE mark or any colorable imitation thereof, including the term "21st Century Smoking";

  (b) advertising, distributing, offering for sale or selling any goods or services using the 21ST CENTURY SMOKE mark or any variations thereof, including the term "21st Century Smoking";

  (c) using, in connection with the advertising, offering for sale or sale of any products, any false designation, description or representation stating or implying that Plaintiff is the origin of, or connected with any of the products offered for sale by Defendant;

    (d)    passing off or inducing or enabling others to sell or pass-off products, not originating from or sponsored by Plaintiff; (e) otherwise infringing upon, diluting, or trafficking in counterfeits of Plaintiff's 21ST CENTURY SMOKE mark or competing unfairly with Plaintiff or injuring its business reputation.

F.    Order that Defendant be ordered to deliver up for destruction all infringing products and materials bearing the 21ST CENTURY SMOKE mark or any colorable imitation thereof, including the term "21st Century Smoking", including, but not limited to: bottles, labels, literature, catalogues, packaging, advertisements, price lists, and similar materials, as set forth in Section 36 of the Trademark Act of 1946 as amended (15 U.S.C. § 1118).

G.    Order that Defendant, its agents, servants, employees, attorneys, and related companies and all persons acting for, with, by, through or under them, with notice of the Court's Order by personal service, electronic mail, or otherwise, be temporarily, preliminarily and thereafter permanently enjoined and restrained from:

    (a)    using in any manner, the 21ST CENTURY SMOKE mark, and any other term or terms likely to cause confusion, including the term "21st Century Smoking", as Defendant's domain name, directory, or other such computer address, as the name of their website, in buried code words or meta tags, on their home page, or in connection with the retrieval of data or information or on other goods or services, or in connection with the advertising or promotion of their goods, services, or website; and,

    (b)    disseminating, using, or distributing any webpages, advertising, or internet keywords, or any other promotional materials whose appearance so resembles the

        21ST CENTURY SMOKE mark so as to create a likelihood of confusion, mistake or deception.

H.    Order that Defendant shall immediately notify in writing and direct all publications, including internet websites and search engines in which any advertisements or other references to Defendant's business using the 21ST CENTURY SMOKE mark are scheduled to appear, including keyword, sponsored links, or banner ads, to cancel all accounts, advertisements, and references using the 21ST CENTURY SMOKE mark;

I.    Order that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the Injunction and Order;

J.    Order that Defendant be required to account for and pay over to Plaintiff all damages sustained, the amount of which cannot be calculated at this time;

K.    Order that Defendant be required to pay to Plaintiff all statutory damages in an amount to be determined for their use of counterfeits of Plaintiff's registered trademarks under 15 U.S.C. § 1117(c);

L.    Order that Defendant be required to account for and pay over to Plaintiff all profits realized by reason of Defendant's unlawful acts alleged herein, and that such amounts be trebled, as provided by law;

M.    Order that Defendant be required to pay Plaintiff punitive damages as may be permitted by law or in the discretion of the Court;

N.    Order that Plaintiff have such other and further relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any goods or services

provided by or promoted by Defendant is authorized by Plaintiff or related in any way to Plaintiff or its products;

O.  Order that Plaintiff be awarded the costs and disbursements of this action, together with all reasonable attorneys' fees and lawful interest; and

P.  Order that Plaintiff shall have such other and further relief as the Court deems just and proper.


Dated: September 7, 2012

                Respectfully submitted,

                /s/Robert C. von Ohlen
                Robert C. von Ohlen & Associates
                1340 W. Deerpath Road
                Lake Forest, IL 60045
                (888) 376-7475


Anthony Davis
Nicoll Davis & Spinella, LLP
adavis@ndslaw.com
95 Route 17 South
Suite 203
Paramus, New Jersey 07652
201-712-1616

Attorneys for Plaintiff
DR Distributors, LLC