# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50324 | **DATE** | 3/14/2013 |
| **CASE TITLE** | DR Distributors, LLC v. 21 Century Smoking, Inc. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for preliminary injunction [22] is granted in part and denied in part. Preliminary injunction to enter. This case is referred back to the magistrate judge for further proceedings.

■[ For further details see text below.]

Docketing to mail notices.

---

Plaintiff, DR Distributors, LLC, has sued defendant, 21 Century Smoking, Inc., for, among other things, infringement of its registered trademark: 21ST CENTURY SMOKE, which defendant uses in connection with its electronic cigarettes ("e-cigarettes"). Defendant has counterclaimed that plaintiff infringed on its trademark/service mark: 21 CENTURY SMOKING, and seeks, among other things, cancellation of plaintiff's registration claiming that plaintiff is a junior user. Before the court is plaintiff's motion for a preliminary injunction. The parties have submitted briefs and affidavits in support of their respective positions and have made oral arguments at a hearing before the court. For the reasons that follow, plaintiff's motion is granted in part and denied in part.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). The party moving for a preliminary injunction must demonstrate (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm absent the injunction. Planned Parenthood of Ind, Inc. v. Comm'r of Ind. State Dep't of Health, 699 F.3d 962, 972 (7th Cir. 2012). If the movant makes this threshold demonstration, the district court weighs the balance of harm to the parties if the injunction is granted or denied, and evaluates the effect of an injunction on the public interest. Id.

Plaintiff seeks to enjoin defendant from (1) using plaintiff's trademark or any confusingly similar variation in connection with the sale of e-cigarettes including as a domain name, in meta-tags, in keywords, or in other online internet advertising; (2) making any statement that implies directly or indirectly that defendant or its products are affiliated with or approved by plaintiff or any company affiliated with plaintiff; (3) attending or appearing, or operating a booth, or displaying any products for sale, at any and all trade shows including the ASD Trade Show in Las Vegas, Nevada, taking place on March 17 through March 20; and (4) using its own name 21 CENTURY SMOKING as a trademark in any manner in connection with the distribution, advertising, offering for sale, or sale of any product or service, pending the ultimate resolution of the lawsuit.

During the hearing on plaintiff's motion, the parties agreed, without making any admissions of liability or conceding any contested issue in this case, to the issuance of a reciprocal preliminary injunction enjoining each party from using the other's trademark or from making any representation that it or its products are affiliated with

or approved by the other party or any company affiliated with the other party. Consequently, with the exception of the "or any confusingly similar variation" language –which would encompass the other party's trademark– the court will reciprocally order the relief requested in (1) and (2). Defendant also informed the court at the hearing that it will not attend the ASD Trade Show in Las Vegas, Nevada, on March 17 through March 20 and the court will therefore grant that portion of the relief requested in (3). Based on the following rationale, however, the court will not order the relief requested in (4) because it is no more able to enjoin defendant from using its mark pending the outcome of this case than it would be to enjoin plaintiff from using its mark.

### A. Reasonable Likelihood of Success on the Merits

In order to establish a reasonable likelihood of success on the merits, plaintiff "must show that it has a better than negligible chance of success on the merits of at least one of its claims." Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc., 549 F.3d 1079, 1096 (7th Cir. 2008) (quotation marks omitted). This is an "admittedly low requirement." Id. However, "[t]he strength of the moving party's likelihood of success on the merits affects the balance of harms. The more likely it is that the moving party will win its case on the merits, the less the balance of harms need weigh in its favor." Planned Parenthood, 699 F.3d at 972 (alteration and quotation marks omitted).

In this case, plaintiff's success is hinged on establishing ownership of its trademark, which is based on use of the mark in commerce, not simply registration of the mark. Central Mfg., Inc. v. Brett, 492 F.3d 876, 881 (7th Cir. 2007) ("Registration provides prima facie evidence of ownership, but this can be rebutted by competent evidence. Ultimately, it is not the fact of registration that matters so much as the use of the mark in commerce . . . ." (citation omitted)). The affidavits submitted by the parties indicate that defendant used its mark in commerce before plaintiff used its mark. However, plaintiff vehemently contests the facts and legal theories that defendant advances to demonstrate prior use. As a result, at this early stage of the litigation it seems that plaintiff is just as likely to fail as it is to succeed. Nevertheless, plaintiff has cleared the requisite low threshold of showing that it has more than a negligible chance of success, but at this point has not made a particularly strong showing over and above the minimum threshold.

### B. Adequacy of a Remedy at Law

The Seventh Circuit has "often recognized that the damages occasioned by trademark infringement are by their very nature irreparable and not susceptible of adequate measurement for remedy at law." Int'l Kennel Club of Chi., Inc. v. Mighty Star, Inc., 846 F.2d 1079, 1091-92 (7th Cir. 1988) (alteration and quotation marks omitted). Consequently, the court finds that this requirement has also been satisfied.

### C. Irreparable Harm Absent an Injunction

Injunctive relief can only prevent future harm, it can do nothing to remedy past errors. See Smith v. Allen, 502 F.3d 1255, 1269 (11th Cir. 2007) ("[I]njunctive relief is prospective in nature, intended to prevent future injuries . . . ." (quotation marks omitted)), abrogated on other grounds by Sossamon v. Texas, 563 U.S. ___, 131 S. Ct. 1651 (2011). In the instant motion for preliminary injunction, plaintiff alleges the recent discovery of two "new" improprieties on defendant's part: misusing plaintiff's trademark as a keyword in the meta-data of its website from October 2011 to August 2012, and a December 20, 2012 telephone call during which someone from defendant purportedly misrepresented to Mr. Kunz, one of plaintiff's customers, that it was selling plaintiff's e-cigarettes and is affiliated with plaintiff and its distributor. Defendant contests that it engaged in either asserted misconduct. In any event, there is nothing indicating that defendant is presently engaged in either type of misconduct and the agreed reciprocal preliminary injunction discussed above will prevent such conduct in the future. Furthermore, when the court asked counsel for plaintiff what future harm plaintiff would suffer if the preliminary injunction did not issue, he could not identify any specific harm. Based on the foregoing, the court finds that plaintiff has not met its burden to show that it would suffer immediate and substantial irreparable harm absent the issuance of a preliminary injunction. As a result, the court will not enjoin defendant's use of its mark durring the pendency of this case.

### D. The Balance of Harm to the Parties

Even assuming for the sake of argument that plaintiff was able to demonstrate irreparable harm absent the issuance of a preliminary injunction, after balancing the relative harms the court would conclude that enjoining defendant from using its own mark until this case is concluded is not warranted. When balancing the harms, the court "weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." Girl Scouts, 549 F.3d at 1086. In so doing, the court uses a sliding-scale approach: the less likely plaintiff is to win on the merits, the more harm plaintiff must show. Id.

Considering that at this point in the litigation plaintiff has not been able to demonstrate a robust likelihood of success, the court would have to find that the irreparable harm prevented by issuing the injunction significantly outweighed the irreparable harm defendant will likely suffer if it is enjoined from using its mark. Defendant has stated in the most positive manner that it is a small company and that depriving it of its trademark/service mark and corporate name "would be devastating" because it would put it out of business and render it unable to defend against plaintiff's claims and to prosecute its own counterclaims. Plaintiff has not convincingly refuted this statement. On the other side of the scale, defendant has been enjoined from using plaintiff's actual registered trademark and from making any misrepresentations that it or its products are affiliated with plaintiff or its distributor and has failed to identify any irreparable harm going forward. Thus, even if plaintiff made the required threshold demonstration of the first three elements, the court would find that the irreparable harm defendant would suffer if the court were to enjoin it from using its own mark during the pendency of this case outweighs any harm to plaintiff if the injunction were not issued.

For the forgoing reasons, plaintiff's motion for preliminary injunction is granted in part and denied in part. Preliminary injunction to enter.