## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| DR DISTRIBUTORS, LLC, | ) | |
|             Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 21 CENTURY SMOKING, INC., and | ) | No. 12 CV 50324 |
| BRENT DUKE, | ) | Magistrate Judge Iain D. Johnston |
|             Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| 21 CENTURY SMOKING, INC., | ) | |
|            Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DR DISTRIBUTORS, LLC, CB DISTRIBUTORS, | ) | |
| INC, and CARLOS BENGOA, | ) | |
|            Counterdefendants, | ) | |

## MEMORANDUM OPINION AND ORDER

      The parties are in the e-cigarette business, plaintiff under the name 21st Century Smoke and defendant under the name 21 Century Smoking. Each side is trying to snuff out the other's use of those marks by alleging claims of unfair competition and trademark infringement under the Lanham Act. Before the court is defendant 21 Century Smoking's motion for leave to file an amended counterclaim [89] to bolster its existing allegations and to add state-law claims of trade disparagement and defamation. Counterdefendants DR Distributors, CB Distributors, Inc. and Carlos Bengoa oppose the motion arguing that the proposed state-law claims lack an independent basis of jurisdiction in federal court. For the reasons that follow, the motion for leave is granted. For the sake of simplicity and because it does not affect the analysis, the Court will refer to the plaintiff and counterdefendants or any combination of them as just plaintiff, and the defendants and counterclaimant or any combination of them as just defendant.

      Absent exceptions not applicable here, under Federal Rule of Civil Procedure 15(a) a party must obtain leave to file an amended pleading. Fed. R. Civ. P. 15(a). Leave should be freely given absent circumstances such as undue delay, bad faith, prejudice, or futility. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

      The motion for leave was made before the cut-off date for amended pleadings, so the Court is less concerned about timeliness and prejudice. At the presentment of the motion, the

Court *sua sponte* raised possible jurisdictional issues. Not surprisingly, the plaintiff has rightfully focused its arguments on possible jurisdictional defects.

The plaintiff argues that the defendant's motion for leave should be denied because the Court would lack jurisdiction over the newly proposed state-law counterclaims. Federal courts are courts of limited jurisdiction. *Int'l Union of Operating Engineers v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). The parties are admittedly all citizens of Illinois and, therefore, diversity jurisdiction does not exist. Alternatively, federal courts can exercise jurisdiction over counterclaims that are compulsory in nature. *See Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 410 (7th Cir. 2004). The plaintiff's response brief focuses almost exclusively on the distinction between compulsory and permissive counterclaims, yet the defendant does not assert that its counterclaims are compulsory and indeed, as the plaintiff notes, admitted that the two additional proposed counterclaims are permissive. Instead, the defendant asserts jurisdiction on the basis that its state-law counterclaims alleging disparagement and defamation fall within the Court's supplemental jurisdiction.

Under 28 U.S.C. § 1367(a), "courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Two claims form part of the same case or controversy if they "'derive from a common nucleus of operative fact.'" *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). The common nucleus of operative fact requirement is satisfied by a "loose connection between the claims." *McCoy*, 760 F.3d at 683.

The plaintiff contends that the allegations of disparagement and defamation under Illinois law in the proposed counterclaim lack even a "loose connection" to its own allegations of trademark infringement in the complaint. Because there is no connection between the state-law counterclaims and the federal trademark claims in the complaint over which the Court has original jurisdiction, the plaintiff reasons that the Court lacks supplemental jurisdiction over the state-law counterclaims. In support, it relies on *Unique Concepts, Inc. v. Manuel*, 930 F.2d 573 (7th Cir. 1991). In *Unique Concepts*, a plaintiff alleged that its former employee produced products that infringed its patents. *Id.* at 574. The employee responded with a counterclaim that set out two state-law claims: (1) violation of a state consumer protection law, and (2) defamation based on a letter the plaintiff sent describing the employee's products as unsafe. *Id.* According to plaintiff here, the Seventh Circuit "dismissed the counterclaim because the opposing claims did not arise out of the same transaction." Response [92] at 11. The plaintiff quotes the Seventh Circuit as having stated that "patent law and defamation are not 'logically related.'" *Id.* (quoting *Unique Concepts*, 930 F.2d 573).

To begin, the quoted language is not found in *Unique Concepts* or any other Seventh Circuit opinion. In addition the Seventh Circuit did not dismiss the counterclaim but, rather, transferred the appeal to the Federal Circuit after noting that even though the counterclaim was permissive, it fell within the court's diversity jurisdiction. *Unique Concepts*, 930 F.2d at 574. In any event, *Unique Concepts* and the plaintiff's other authority are fundamentally different in a key respect, namely, none of the counterclaims possessed a federal jurisdictional basis. In *Unique Concepts*, the defendant brought only state-law counterclaims and, therefore, only the

plaintiff's federal patent claims could have served as the claim over which the court had original jurisdiction and to which the court could look for a loose connection. *Unique Concepts*, 930 F.2d at 574. The plaintiff also relies on *Cameco Industries, Inc. v. Louisiana Cane Manufacturing, Inc.*, No. 92 CV 3158, 1993 WL 62420 (E.D. La. Mar. 4, 1993), but as with *Unique Concepts* that case involved only two state-law counterclaims with no federal counterclaim, and the one-page minute entry offers no analysis. *Id.* at *1.

The situations in *Unique Concepts* and *Cameco Industries* are far different than presented here. As opposed to the counterclaims in those cases, the defendant here has proposed counterclaims that fall within the Court's original jurisdiction, including trademark claims for unfair competition under 15 U.S.C. § 1114(a) (Count I), infringement under 15 U.S.C. § 1125(a) (Count II), and a claim seeking cancellation of the plaintiff's marks registered with the U.S. Patent & Trademark Office (Counts VI and VII). These counterclaims fall within the Court's original jurisdiction because they arise under federal law. *See* 28 U.S.C. § 1331. In addition, the claim of unfair competition brought under common law (Count III) also falls under the Court's original jurisdiction because, although not based on a federal statute, it is "a claim of unfair competition . . . joined with a substantial and related claim under the . . . trademark laws." 28 U.S.C. § 1338(b). These original jurisdiction counterclaims may serve as the basis of supplemental jurisdiction over state-law counterclaims. *See Sea-Land Service, Inc. v. Lorenz Int'l, LLC*, 285 F.3d 808, 814 (9th Cir. 2002) (jurisdiction over federal counterclaim gave court supplemental jurisdiction over state-law counterclaims that arose from the same case or controversy as the federal counterclaim); *Arista Records LLC v. Lime Group LLC*, 532 F. Supp. 2d 556, 581-82 (court had supplemental jurisdiction over the defendant's state-law counterclaims that shared a common nucleus of fact with the defendant's federal antitrust claim).

The plaintiff's analysis likely would have been correct if no federal counterclaims existed. Under that circumstance, the Court would look to the federal claims in the complaint, not the counterclaim. But the Court believes that under the circumstances presented here, it may look to other claims alleged in the proposed Second Amended Counterclaim to determine if jurisdiction exists. It is these federal counterclaims which are the claims of original jurisdiction that the Court must consider in determining if supplemental jurisdiction exists.

Having established which counterclaims fall under the Court's original jurisdiction, the focus now turns to whether those claims have a "loose connection" to the remaining state-law counterclaims---for disparagement under the Deceptive Trade Practices Act (Count V) and defamation per se (Count VII)---such that they all derive from a common nucleus of operative facts. In support of the state-law counterclaims for disparagement and defamation, the defendant alleges that at a trade show in 2013, one of the plaintiff's representatives told an attendee that (1) the defendant sells its products only through a website; (2) the defendant started its website only after the plaintiff was already using the 21st Century Smoke mark, and did so to trade off the plaintiff's goodwill in the 21st Century Smoke mark; (3) the defendant does not manufacture its own products and, instead, resells products purchased from third parties such as Blu; and (4) the quality of the products purchased from third parties is inferior to the products the third parties sold under their own names. *See* Proposed Second Amended Counterclaim [Dkt. 89 Ex. 1] ¶¶ 65, 79.

These allegations echo the allegations the defendant made in support of its counterclaims of unfair competition under both federal trademark and common law which, as discussed above, fall within the Court's original jurisdiction. *See id.* ¶¶ 42-45. Under 15 U.S.C. § 1125(a)(1)(A), infringement occurs when anyone uses "any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." Thus, the defendant's allegations about statements at the tradeshow are part of the same factual nucleus alleged in support of both its federal trademark and unfair competition counterclaims as well as the state-law disparagement and defamation counterclaims.

The only argument that the plaintiff offers against the view that the state-law counterclaims are loosely connected to original jurisdiction claims is that the defendant's allegations about derogatory remarks at a tradeshow do not arise from the same common nucleus of operative fact as its own allegations that the defendant infringed the mark 21st Century Smoke by (1) expanding the territories in which it operated stores named 21 Century Smoking, and (2) beginning to sell an electronic cigarette branded "21 Century Smoking" rather than just selling third-party brands. In support, the plaintiff notes that the trade show remarks came more than two years after the defendants' allegedly infringing conduct, and nearly one year after the plaintiff filed the original complaint. Response [92] at 9-10. But as noted above, supplemental jurisdiction exists because of the loose connection between the state-law counterclaims and the federal counterclaims, regardless of the relationship between the state-law counterclaims and the plaintiff's claims in the complaint. *See Sea-Land Service*, 285 F.3d at 814.

The factual connection between the defendant's federal and state counterclaims is distinguishable from the lack of connection between claims in *Microthin.com, Inc. v. Siliconzone USA, LLC*, No. 06 CV 1522, 2006 WL 3302825, at *4 (N.D. Ill. Nov. 14, 2006). In *Microthin.com*, the plaintiff sued the defendant alleging that the defendant's cutting board infringed the plaintiff's two patents for a non-slip mat. *Id.* at *1. The court found that allegations in the counterclaim that the plaintiff's employees entered the defendant's booth at a tradeshow, handled the defendant's products without permission, and made derogatory comments about the defendant "have no impact on whether or not Defendant's product infringes on Plaintiff's patented product." In contrast, here defendant's allegations of trademark infringement and unfair competition under federal law arise in part from the same allegations underlying the state-law disparagement and defamation claims, including the allegedly false remarks about the origin of the defendant's products.

Because the allegations in support of the state-law counterclaims are loosely connected to the allegations in support of the federal claims and arise from the same nucleus of operative fact, the state-law claims fall within the Court's supplemental jurisdiction as set forth in 28 U.S.C. § 1367. Accordingly, the motion for leave [89] is granted. The Second Amended Counterclaim shall be filed as a separately docketed entry by 11/24/2014.

Date: November 20, 2014      By: _____
Iain D. Johnston
United States Magistrate Judge