UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DR DISTRIBUTORS, LLC,<br>　　　Plaintiff-Counterdefendant,<br>v.<br>21 CENTURY SMOKING, INC., and BRENT DUKE,<br>　　　Defendants-Counterclaimants,<br>v.<br>CB DISTRIBUTORS, INC., and CARLOS BENGOA,<br>　　　Counter-Defendants. | **Case Number:** 3:12 – cv – 50324<br><br>**Judge:** Frederick J. Kapala<br><br>**Magistrate Judge:** Iain D. Johnston |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS**

Plaintiff DR Distributors, LLC ("Plaintiff") hereby moves pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel Defendants 21 Century Smoking, Inc. and Brent Duke ("Defendants") to respond fully and completely to certain discovery requests, and to withdraw untimely and improper objections. In support thereof, Plaintiff states as follows:

**I.　　LOCAL RULE 37.2 STATEMENT OF EFFORTS TO REACH AN ACCORD**

After multiple consultations by telephone and by written correspondence, and good faith attempts to resolve differences, the parties are unable to reach an accord. Plaintiff's counsels' attempts to engage in such resolution were unsuccessful, due to no fault of Plaintiff's counsel. The date, time and place of each attempted conference, the parties participating therein, and the efforts made by Plaintiff's counsel are set forth below:

1.	On February 27, 2015, Plaintiff served Requests for Admissions, Interrogatories, and Document Requests on Defendant Brent Duke, and Supplemental Interrogatories and Supplemental Document Requests on Defendant 21 Century Smoking, Inc. (collectively, "Plaintiff's Supplemental Discovery Requests") (See Plaintiff's Supplemental Discovery Requests, attached hereto as Exhibit A).

2.	Defendants served their responses to Plaintiff's Supplemental Discovery Requests on March 27, 2015. (See Defendants' Responses to Plaintiff's Supplemental Discovery Requests, attached hereto as Exhibit B).

3.	The majority of Defendants' Responses to Plaintiff's Supplemental Discovery Requests were evasive, improper, non-responsive, and/or stated improper objections, and were in violation of the Federal Rules of Civil Procedure.

4.	Plaintiff's Supplemental Discovery Requests, and Defendants' improper responses thereto, included the following examples (See Exhibit B):

- Interrogatory No. 13 – State whether Defendant has used the term(s), "21st Century Smoke," in its entirety, as a metatag, keyword, or as metadata in the source code of Defendant 21 Century Smoking, Inc.'s Internet web site, www.21centurysmoking.com.

- Defendants response: "Defendant has never requested or instructed any use of the term "21st Century Smoke" as a metatag, keyword, or as metadata in the source code of Defendant 21 Century Smoking, Inc.'s Internet web site, www.21centurysmoking.com."

- Interrogatory No. 14 – Identify each and every instance in which Defendant has used the term(s), "21st Century Smoke," in its entirety, as a metatag, keyword, or as metadata in the source code of Defendant 21 Century Smoking, Inc.'s Internet web site, www.21centurysmoking.com.

- Defendants response: "Defendant was unaware of any use of the term "21st Century Smoke" as a metatag, keyword, or as metadata in source code of Defendant 21 Century Smoking, Inc.'s web site, www.21centurysmoking.com prior to this lawsuit."

5.	Defendant deliberately did not directly answer what was being asked in the above Interrogatories. Instead, Defendant chose to answer entirely different questions or requests, which were not being asked (See Exhibit B).

6. Interrogatory No. 11 did not ask whether Defendant has ever *requested or instructed anyone* to use the term "21st Century Smoke" in any advertising. The Interrogatory asked whether *Defendant* has used the term(s), "21st Century Smoke" with or through any Internet advertising program.

7. Interrogatory No. 13 did not ask whether Defendant has ever requested or instructed anyone to use the term "21st Century Smoke" as a metatag, keyword, or as metadata. The Interrogatory asked whether *Defendant* has used the term(s), "21st Century Smoke" as a metatag, keyword, or as metadata in the source code of Defendant 21 Century Smoking, Inc.'s Internet web site, www.21centurysmoking.com.

8. Interrogatory No. 14 did not ask *when* Defendant "became aware" of use of the term(s), "21st Century Smoke," as a metatag, keyword, or as metadata in the source code of Defendant 21 Century Smoking, Inc.'s Internet web site, www.21centurysmoking.com. The Interrogatory asked Defendants to identify *each and every instance in which Defendant used* the term(s), "21st Century Smoke," as a metatag, keyword, or as metadata in the source code of Defendant 21 Century Smoking, Inc.'s Internet web site, www.21centurysmoking.com .[1]

9. Interrogatory No. 15 did not ask *when* Defendant became aware of use of the term(s), "21st Century Smoke," as a metatag, keyword, or as metadata in the source code of Defendant 21 Century Smoking, Inc.'s Internet web site, www.21centurysmoking.com. The Interrogatory asked Defendants to identify *the exact date* on which the term(s), "21st Century Smoke," was inserted as a metatag, keyword, or metadata in the source code of Defendant 21

---

[1] Defendant is now aware of use of the term(s), "21st Century Smoke," as a metatag, keyword, or as metadata in the source code of Defendant 21 Century Smoking, Inc.'s web site, and has the capacity and means to determine each instance in the term(s), "21st Century Smoke," appeared as a metatag, keyword, or as metadata in the source code of Defendant 21 Century Smoking, Inc.'s web site.

Century Smoking, Inc.'s Internet web site, www.21centurysmoking.com. Again, such information is available and within the control of Defendants as owners and operators of web site, www.21centurysmoking.com.

10. Similarly, Interrogatory No. 16 requests the actual date on which the term(s), "21st Century Smoke," was removed as a metatag, keyword, or metadata from the source code of Defendant 21 Century Smoking, Inc.'s Internet web site, www.21centurysmoking.com. Defendants' response of: "[A]fter it was made aware by Plaintiff" is vague and ambiguous, and therefore non-responsive.

11. Likewise, Defendants responded to Interrogatory No. 17 with: "Defendant lacks sufficient knowledge to respond to Plaintiff's Interrogatory No. 17. Investigation continues." Defendants' response is improper. Defendants have not articulated in any detail why they lack sufficient knowledge to respond, or what reasonable inquiry it made in an attempt to provide a response. Furthermore, "investigation continues" is likewise a failure to respond. A response to this Interrogatory was due within thirty (30) days after it was served on Defendants. Defendants did not at any time request an extension of time in which to respond.

12. Defendants' answers were non-responsive and improper. Defendants' responses were evasive, as they did not answer the question or interrogatory being asked, and instead interposed answers to interrogatories that were not asked.

13. On April 22, 2015, counsel for Plaintiff's forwarded a letter to counsel for Defendants, detailing Defendants' deficiencies, failures to respond, and improper objections in response to Plaintiff's Discovery Requests. (See Letter Dated April 22, 2015, attached hereto as Exhibit C).

14. Counsel for Plaintiff simultaneously requested a "meet and confer" telephone

conference to discuss the discovery dispute, pursuant to Fed. R. Civ. P. 37 and Local Civil Rule 37.2. (See Exhibit C).

15. A "meet and confer" telephone conference was conducted on April 24, 2015, and was attended by Brian M. Gaynor and Robert von Ohlen, counsel for Plaintiff, and by Travis Life, counsel for Defendants.

16. During the telephone conference, Plaintiff's counsel again advised Defendants' counsel of Defendants' non-responsive, evasive and improper responses to Plaintiff's Supplemental Discovery Requests, and requested proper responses and withdrawal of the improper objections.

17. With respect to Interrogatories 11 and 13-17 (listed above), Defendants' counsel stated that he would take Plaintiff's counsels position on the responses' being improper "under advisement."

18. On May 11, 2015, Defendants served "Supplemental Responses" to Plaintiff's Supplemental Discovery Requests. (See Defendants' Supplemental Responses to Plaintiff's Supplemental Discovery Requests, attached hereto as Exhibit D).

19. With respect to Interrogatories 11 and 13-17 (listed above), Defendants' responded by repeating their improper responses and providing new objections, including the following examples (See Exhibit D):

- Interrogatory No. 13 – "Defendant objects to Interrogatory 13 on the grounds that the interrogatory is vague and overbroad and Plaintiff use of the term "used" seeks to confuse and prejudice the Defendant before the Court and jury. In response and subject to all objections, Defendant states as follows: Defendant has never instructed or requested any use of the term "21st Century Smoke" as a metatag, keyword, or as metadata in the source code of Defendant's web site www.21centurysmoking.com."

- Interrogatory No. 14 – "Defendant objects to Interrogatory 14 on the grounds that the interrogatory is vague and overbroad and Plaintiff use of the term "used" seeks to confuse and prejudice the Defendants before the Court and jury. In response and subject to all objections, Defendant states as follows: Defendant was unaware of the term(s) "21ST

Century Smoke," used as metatag keyword, or as metadata in the source code of Defendant 21 Century Smoking, Inc.'s internet web site, www.21centurysmoking.com, and is unaware when or if the term(s) "21ST Century Smoke" was inserted into the source code of Defendant 21 Century Smoking, Inc.'s web site www.21centurysmoking.com."

20. On May 15, 2015, counsel for Plaintiff forwarded a second letter to counsel for Defendants, detailing Defendants' continued discovery response deficiencies, failures to respond, and improper objections, and requested a second "meet and confer" telephone conference to discuss the discovery dispute, pursuant to Fed. R. Civ. P. 37 and Local Civil Rule 37.2. (See Plaintiff's Letter Dated May 15, 2015, attached hereto as Exhibit E).

21. A second "meet and confer" telephone conference was conducted on May 29, 2015, and was attended by Brian M. Gaynor, counsel for Plaintiff, and by Travis Life, counsel for Defendants.

22. During the telephone conference, Plaintiff's counsel again advised Defendants' counsel of Defendants' non-responsive, evasive and improper responses to Plaintiff's Supplemental Discovery Requests, and requested proper responses and withdrawal of the improper objections.

23. With respect to Interrogatories 11 and 13-17, Defendants' counsel again stated that he would take Plaintiff's counsel's position on the impropriety of Defendants' discovery responses "under advisement."

24. Plaintiff's counsel advised Defendants' counsel that such a response was not satisfactory, given: a) the short time remaining in the discovery period, and b) the fact that Defendants' counsel had previously taken Plaintiff's counsels position "under advisement" and ultimately responded with the same improper responses and objections, and interposed new improper responses and untimely objections.

25. At that time, Defendants' counsel stated that Defendants were standing by their

responses and objections, and refused to amend or supplement their responses further, or to withdraw any objections.

## II. DEFENDANTS' DISCOVERY RESPONSES TO PLAINTIFF'S SUPPLEMENTAL DISCOVERY REQUESTS ARE IMPROPER

Rule 37 permits a party to file a motion to compel a required disclosure upon "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a). This Court has "broad discretion in discovery matters, [including a] motion to compel discovery. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001) (citing *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000)). When a party fails to fulfill its discovery obligation, the Court has discretion to impose sanctions under Rule 37. *Langley v. Union Elec. Co.,* 107 F.3d 510, 514 (7th Cir. 1997).

Defendants' Responses to Plaintiff's Supplemental Discovery Requests, listed above, are evasive, improper, non-responsive, state improper objections, and are in violation of the Federal Rules of Civil Procedure. Therefore, this Court should compel Defendants to provide complete, non-evasive responses to Plaintiff's Supplemental Discovery Requests, and compel Defendants to withdraw all untimely and improper objections.

### A. *Defendants' Responses Fail to Directly Address the Propounded Interrogatories*

Despite Plaintiff's counsels' repeated efforts to obtain responses to Plaintiff's Supplemental Discovery Requests, Defendants' answers continue to be evasive, as they do not answer the interrogatory being asked, and instead interpose answers to interrogatories which were not asked.

It is the court's duty to determine if a response directly addresses the interrogatory. *Vukadinovich v. Hanover Cmty. Sch. Corp.*, 2014 U.S. Dist. LEXIS 21347, *13 (N.D. Ind. 2014). For purposes of Rule 37(a), an evasive or incomplete response must be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). *Redmond v. Leatherwood*, 2009 U.S. Dist. LEXIS 114098, *3-4 (E.D. Wis. 2009). Under the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, attorneys must "respond to interrogatories reasonably" and "not strain to interpret them in an artificially restrictive manner to avoid disclosure of relevant and non-privileged information," must "base [their] discovery objections on a good faith belief in their merit" and "not object solely for the purpose of withholding or delaying the disclosure of relevant information," *Thompson v. Fajerstein*, 2010 U.S. Dist. LEXIS 118271, *15 (N.D. Ill. 2010).

As stated above, Defendants appear to be purposely evading Plaintiff's interrogatories by giving answers to interrogatories that were not asked. In Interrogatories 11 and 13, Plaintiff asked whether *Defendant* used the term(s), "21st Century Smoke" with or through any Internet advertising program, and as a metatag, keyword, or as metadata in the source code of Defendant 21 Century Smoking, Inc.'s Internet web site, www.21centurysmoking.com; it did not ask whether Defendant has ever *requested or instructed anyone to use* the term "21st Century Smoke" in any advertising and as a metatag, keyword, or as metadata.

In Interrogatories 14 and 15, Plaintiff asked Defendants to identify *each and every instance* in which Defendant used the term(s), "21st Century Smoke," as a metatag, keyword, or as metadata in the source code of Defendant 21 Century Smoking, Inc.'s Internet web site, www.21centurysmoking.com, and to identify each date this occurred; it did not ask when Defendant "became aware" of use of the term(s), "21st Century Smoke," as a metatag, keyword,

or as metadata in the web site source code.  With respect to this particular interrogatory (Interrogatory No. 15), such information is available and within the control of Defendants as owners and operators of web site, www.21centurysmoking.com.

Finally, in Interrogatory 16, Plaintiff requested the actual date on which the term(s), "21st Century Smoke," was removed as a metatag, keyword, or metadata from the source code of Defendant 21 Century Smoking, Inc.'s Internet web site, www.21centurysmoking.com.  Defendants responded: "[A]fter it was made aware by Plaintiff."  Defendants refuse to provide an actual date for when this action took place.  Defendants' response is vague and ambiguous, and does not respond to the request being asked.

Defendants are straining to interpret Plaintiff's Supplemental Discovery Requests in an artificially restrictive manner, in order to avoid disclosure of discoverable relevant information. Defendants do not base their objections on a good faith belief in their merit, and object solely for the purpose of withholding or delaying the disclosure of relevant information.  As a result, this Court should grant Plaintiff's Motion and compel Defendants to provide complete, non-evasive responses to Plaintiff's Supplemental Discovery Requests.

B.      *Defendants' Supplemental Responses Interpose New, Untimely Objections*

In addition, Defendants' supplemental responses to Interrogatories Nos. 11 and 13-16, interpose new, untimely objections.  Specifically, in Defendants responses to Interrogatories Nos. 11 and 13-14, Defendants object to: "Plaintiff's use of the term 'used'" claiming it "seeks to confuse and prejudice the Defendant before the Court and the jury …"  In Defendants response to Interrogatory No. 15, Defendants object to "Plaintiff's use of the term 'inserted'" claiming it "attempts to implied [sic] intent and prejudice the Defendant before the Court or a jury …" These objections were not served as part of Defendants' original responses to Plaintiff's

Supplemental Interrogatories served on March 27, 2015. These objections were served over six (6) weeks later, well past the time responses and objections were due. "An objection to interrogatories or to a request for production of documents not raised in a timely manner is considered waived, unless the Court excuses the failure "for good cause." Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived"); Fed. R. Civ. P. 34(b)(2) ("The party . . . must respond within 30 days")." *Slabaugh v. State Farm Fire & Cas. Co.*, 2013 U.S. Dist. LEXIS 126666, *4 (S.D. Ind. 2013). Defendants' new objections are therefore untimely and improper, and have been waived. Therefore, this Court should grant Plaintiff's Motion and compel Defendants fully respond and withdraw all untimely and improper objections.

C.    *Defendants' Objections Are Meritless and Improper*

Defendants' objections concerning "prejudice" in response to Interrogatories Nos. 11 and 13-15 are also meritless and improper. The fact that a response to a legitimate discovery request may be "prejudicial" for Defendants is not a proper basis for refusing to answer. Defendants' cannot refuse to answer discovery because the answers may be unfavorable to their case.

In a similar case, a plaintiff served an interrogatory which asked: "The June 12, 2003 Letter states that 'Sprint has consistently terminated executives found to have engaged in similar conduct with vendors.' In the last five years, have you not terminated a Sprint executive who 'engaged in similar conduct with vendors?'" *See Swackhammer v. Sprint Corp. PCS,* 225 F.R.D. 658, 661 (D. Kan. 2004). The defendant objected to this interrogatory on the grounds that it was vague, ambiguous, and overly broad. *Id*. The defendant went on to state, however, that "without waiving these objections . . . [Defendant] has consistently terminated executives found to have engaged in improper conduct with vendors." *Id*. Upon the plaintiff's motion to compel, the

Court ruled:

> Regardless of how Defendant phrases this sentence, it is still an incomplete and non-responsive answer. The interrogatory asks for a "yes" or "no" answer ... Defendant's response, regardless of which terms it uses, does not fully respond to the questions asked … [T]he Court overrules Defendant's objections to First Interrogatory No. 4 and finds Defendant's answer that it has "consistently terminated executives" to be non-responsive and incomplete.

*Id.* at 661.

The same is true in this case. Defendant has simply failed to answer the interrogatories. Plaintiff's Interrogatories Nos. 11 and 13 require simple "yes" or "no" answers. For example, Interrogatory No. 13 asks whether Defendant has used the term "21st Century Smoke" as a metatag, keyword, or as metadata in the source code of its web site. The answer to this question is either "yes" or "no." If Defendant Brent Duke used Plaintiff's trademark in its web site metadata, the answer would be "yes." If an employee, contractor, agent or representative of Defendants used Plaintiff's trademark in Defendant's web site metadata, even if it was done without Defendants' instruction, the answer would still be "yes." It is clear that *someone* inserted Plaintiff's trademark into the source code keyword metatags of Defendant's web site. It appears that Defendants are attempting to avoid acknowledging who that person is, and further avoiding acknowledging that this person was an agent for Defendants. More importantly, Defendants are going to great lengths and failing to fulfill their discovery obligations under the Federal Rules, to prevent Plaintiff from discovering the same facts.

Similarly, Interrogatories 14-16 request actual, specific dates, and not general time frames, of when Plaintiff's trademark was used, inserted and removed as metadata in Defendant's website. Providing abstract responses such as "when Defendants became aware" are incomplete and non-responsive answers, regardless of how Defendants attempts to interpret

Plaintiff's interrogatories.

Defendants' supplemental response to Interrogatory Nos. 16 is even more improper. Defendant's statement that it is "uncertain" of the answer to the interrogatory is not a proper response under the Federal Rules. Defendants failed to state that they made a reasonable inquiry regarding the requests. See *Loudermilk v. Best Pallet Co., LLC*, 2009 U.S. Dist. LEXIS 93915, 8-9 (N.D. Ill. Oct. 8, 2009).[2] Therefore, this Court should grant Plaintiff's Motion and compel Defendants to withdraw all untimely and improper objections and fully respond to Plaintiff's interrogatories. Plaintiff can only assume that either Defendants made no such inquiry, because they the answer would be unfavorable; or that Defendants did in fact make an inquiry, and are now refusing to divulge the unfavorable information.

D. <u>The Responses to Discovery Requests Sought By Plaintiff Are Critical to Plaintiff's Claims and Defenses</u>

Defendants' outstanding responses to Plaintiff's Supplemental Document Requests are critical to this matter – both to Plaintiff's affirmative claims, and to Plaintiff's defenses to Defendant's counterclaims. Specifically, Plaintiff have asserted claims of unfair competition under Sect. 43(a) of the Lanham Act, and have also asserted the equitable defense of unclean hands to Defendants' counterclaims of trademark infringement. Both claims are based, in part, on Plaintiff's trademark 21ST CENTURY SMOKE appearing as a keyword metatag in the source code of Defendant's web site, www.21centurysmoking.com.

The fact that Plaintiff's mark appeared in the source code and keyword metatags of Defendant's website has been acknowledged and confirmed by this Court. In its Order denying

---

[2] Defendants' response to Interrogatory Nos. 16 also strains credibility. It is highly unlikely that Defendants would immediately remove Plaintiff's trademark from its website metatags as soon as it was made aware of its existence, but be unable to recall when this occurred or have any documentation regarding this action.

in part Defendant/Counter-Plaintiff's Motion for Summary Judgment, this Court ruled that a fact finder may reasonably believe that Defendants' engaged in inequitable conduct. The Court stated:

> [T]he evidence shows that DR Distributors' exact mark, 21st CENTURY SMOKE, was included in two metatags in 21 Century Smoking's website for nine months. At that time, it is undisputed that 21 Century Smoking was aware of the existence of DR Distributors' use of the 21st CENTURY SMOKE mark. The affidavit from DR Distributors' expert opines that, given the way the program used by 21 Century Smoking's website works, the inclusion of DR Distributors' mark was likely a deliberate act. Worth noting, the metatags in the record did not include any other 3 variance of 21 Century Smoking which could lead to the conclusion that 21st CENTURY SMOKE was included simply because 21 Century Smoking was putting in all possible variations of its own, very similar, mark for which its customers might search. Therefore, if a fact finder were to accept DR Distributors' expert's testimony, <u>it would be reasonable to conclude that 21 Century Smoking engaged in inequitable conduct, in that it drew additional customers to its website by appropriating a mark it knew to be registered to a more popular competitor, and that the conduct related directly to the trademark it now seeks to cancel</u>." (emphasis added).

See Court Order and Opinion dated June 16, 2014 at Page 7 (Dkt. Entry No. 80).

Indeed, the Court ruled that a jury could reasonably conclude that Defendant deliberately inserted Plaintiff's mark in the source code and keyword metatags of Defendant's website, and therefore engaged in inequitable conduct. Plaintiff is attempting to prove these facts through the discovery process with information and documents being sought from Defendants. Defendants, however, are attempting to avoid providing any information and/or documents which might support the Court's prior ruling, by refusing to provide such information and documents with their evasive responses and improper objections. Defendants are deliberately withholding information, responses, and/or documentation, which support Plaintiff's claims of unfair competition under Sect. 43(a) of the Lanham Act, and Plaintiff's equitable defense of unclean hands. At the same, Defendants are unable to deny Plaintiff's claims that Defendant engaged in

this unlawful conduct and are further incapable of supporting any baseless denials.

E.     *Defendants' Responses to Plaintiff's Document Requests Are Deficient and Incomplete*

In addition, in its letter dated May 15, 2015, to counsel for Defendants, Plaintiff's also outlined several deficiencies with Defendants' document production. (See Exhibit E). Specifically: 1) The documents cited by Defendants in response to Document Request No. 1 and Interrogatory No. 1, namely 21C 53014-53184, only contain sales documents through 2010. Plaintiffs' requested documents from 2009 to the present; 2) The documents cited by Defendants in response to Document Request No. 2 and Interrogatory No. 2, namely 21C 52984-53007, only contain sales documents through January 2013. Plaintiffs' requested documents from 2009 to the present; 3) 21C 60654-61129 do not state what years to which they pertain; 4) 21C 60654-61129 do not appear to list third party retailers, as requested in Document Request No. 6 and Interrogatory No. 6; 5) 21C 0034-0066 appear to be documents concerning SEO and Internet keyword rankings from 2009. Plaintiff requested that Defendants advise as to whether any such documents exist for 2010 through the present, and if so whether they were produced, and if so, identify said documents; and 5) 21C 61146 appears to be cut off on the right side.

Defendants counsel advised that they would supplement their document production to address these issues. As of the date of the filing of this Motion, Plaintiff has received no such supplementation.

F.     *Attorney's Fees and Costs Are Warranted*

As a result of Defendants' sanctionable conduct in improperly refusing to respond to Plaintiff's Supplemental Document Requests, Plaintiff has expended significant effort and expense, including the preparing and filing of this Motion. If Plaintiff's motion is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated

the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A). See also *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt.Inc.*, 271 F.R.D. 487, 499 (N.D. Ind. 2010).

In this case, Defendants' continued refusal to provide proper responses to Plaintiff's Supplemental Discovery Requests, and their imposition of untimely and improper objections to same, have necessitated Plaintiff's Motion to Compel. Defendants therefore must pay Plaintiff's reasonable expenses in bringing this Motion, including Plaintiff's attorneys' fees.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Compel Discovery, and an order should be entered:

(A) Compelling Defendants to provide complete, non-evasive answers to Plaintiff's Interrogatories Nos. 11 and 13-17, and to withdraw all untimely objections to same within five (5) days;

(B) Requiring Defendants to pay Plaintiff's reasonable expenses incurred in making the instant motion, including attorney's fees; and

(C) Granting such other and further relief as the Court deems just.

Respectfully submitted,

Attorneys for Plaintiff

NICOLL DAVIS & SPINELLA, LLP

By: /s/ Brian M. Gaynor
    ANTHONY J. DAVIS
    adavis@ndslaw.com
    BRIAN M. GAYNOR

ROBERT C. VON OHLEN & ASSOCIATES

/s/ Robert C. von Ohlen
ROBERT C. VON OHLEN
rvo@vonohlenlaw.com
1340 W. Deerpath Road

bgaynor@ndslaw.com  Lake Forest, Illinois 60045
95 Route 17 South
Paramus, New Jersey 07652