# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| DR DISTRIBUTORS, LLC, ) | |
|     Plaintiff-Counterdefendant, ) | |
| ) | |
| v. ) | |
| ) | |
| 21 CENTURY SMOKING, INC., and ) | No. 12 CV 50324 |
| BRENT DUKE, ) | Magistrate Judge Iain D. Johnston |
|     Defendants-Counterplaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CB DISTRIBUTORS, INC. and CARLOS ) | |
| BENGOA, ) | |
|     Counterdefendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff and/or counter defendants DR Distributors LLC, CB Distributors, Inc. and Carlos Bengoa (collectively "plaintiffs") have withheld the production of four communications with counsel on the basis of the attorney-client privilege. Defendants 21 Century Smoking, Inc. and Brent Duke contend the plaintiffs waived the privilege and filed a motion to compel the production of those communications. For the reasons given, the motion to compel [133] is denied. Telephonic status hearing is set for 9/15/2015 at 9:00AM. By 9/11/2015 counsel shall provide direct-dial numbers for the hearing to the Court's operations specialist, who will initiate the call.

## BACKGROUND

The plaintiff DR Distributors, LLC uses the mark "21st Century Smoke" for its line of e-cigarettes. It sued defendants 21 Century Smoking and Brent Duke (collectively "defendants") for using the admittedly similar mark "21 Century Smoking." The defendants responded with a counterclaim alleging that the plaintiffs infringed their mark and seek to cancel the plaintiffs' mark. Dkt. 88.

During the course of fact discovery, the plaintiffs produced a privilege log identifying four communications with counsel that they withheld on the basis of the attorney-client privilege: (1) an e-mail string dated April 27, 2010, between the plaintiffs and counsel regarding trademark searches by counsel; (2) an e-mail dated May 5, 2010, from counsel to the plaintiffs regarding trademark searches by counsel; (3) an e-mail dated June 17, 2010, from the plaintiffs to counsel seeking an opinion and advice on the existence of the defendant and its website; and (4) an e-mail dated June 25, 2010, from counsel to the plaintiffs regarding the defendant's store in Chicago and the registration of website domain names. See Dkt. 133 Ex. A. During his

deposition on June 10, 2015, Mr. Bengoa also relied on the attorney-client privilege in response to questions about the plaintiffs' claim that they had no knowledge of the defendants' prior use of "21 Century Smoking" when applying for federal registration of the mark "21st Century Smoke." Dkt. 133 at 2.

Before the Court is the defendants' motion to compel ("Motion") the plaintiffs to produce those four communications identified on the privilege log, and to compel Mr. Bengoa to answer deposition questions about the communications. The defendants contend that information about those four communications should be produced because the information is relevant to the plaintiffs' "knowledge of the trademark '21 Century Smoking' when filing a trademark application for and/or before it began use of the name '21st Century Smoke.'" Dkt. 133 at 1. The defendants contend that the plaintiff waived the attorney-client privilege that might otherwise shield the documents "by asserting reliance on their attorneys' advice or information conveyed by the attorneys on the issue." Dkt. 133 at 3. They argue that the plaintiffs cannot both use evidence of counsel's search to demonstrate their good faith in registering the "21st Century Smoke" mark, but then refuse to produce communications with counsel about the search. The parties do not dispute that the emails are relevant.

The plaintiffs oppose the motion to compel on two grounds. First, they contend that the defendants are engaged in "déjà vu all over again." Response [139] at 3. Specifically, they contend that the defendants already attempted to obtain these privileged communications when they filed a motion for an *in camera* inspection based on conjectures of bad faith, a move the Court denied without prejudice. *See* Dkt. 125. They contend the defendants in essence forfeited the "waiver attorney-client privilege" argument they assert now by failing to raise it in their earlier motion. Second, the plaintiffs contend that they are not relying on an advice of counsel defense to the defendant's counterclaim of trademark infringement, but rather at trial will merely rely on evidence that Mr. Bengoa determined for himself based on his own knowledge of the e-cigarette market that the "21st Century Smoke" mark was non-infringing before directing counsel to apply for the mark.

## ANALYSIS

A motion to compel the production of material to which the attorney-client privilege has been asserted falls within the scope of non-dispositive matters that a magistrate judge may decide under Federal Rule of Civil Procedure 72(a). *See SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 CV 3952, 2000 U.S. Dist. LEXIS 13606, at *6 (N.D. Ill. Sept. 13, 2000) (reviewing magistrate judge's decision on motion to compel purportedly privileged documents under the clearly erroneous standard of Fed. R. Civ. P. 72(a)); *see also United States v. Balsiger*, No. 07 CR 57, 2013 U.S. Dist. LEXIS 96387 at *4 (E.D. Wisc. July 10, 2013) ("A magistrate judge is authorized to decide non-dispositive motions such as those involving attorney-client or work product privilege.").

### A.    FORFEITURE OF THE WAIVER ARGUMENT

The Court first addresses the plaintiff's argument that the defendants forfeited their waiver argument. The defendants' first attempt to obtain the four communications at issue was a

motion to compel the plaintiffs to provide the communications to the Court for an *in camera* inspection believing the privilege had been waived based on bad faith ("Bad Faith Motion"). In support, the defendants argued that in a declaration submitted in opposition to a motion for partial summary judgment, Mr. Bengoa asserted that he had researched and cleared the "21st Century" mark before registering it, but that the only evidence of whether Mr. Bengoa knew about the defendant's prior use of a similar mark "hides behind the shield of purported privilege." Original Motion to Compel [120] at 5. The defendants speculated that the communications "may indicate that the Plaintiff not only had knowledge of Defendants' senior mark, but intentionally and with bad faith filed its trademark application and fraudulently represented itself as the owner of the mark." *Id.* Thus, the defendants sought an *in camera* review to determine if the attorney-client privilege had been waived because the communications "demonstrate Plaintiff's knowledge of Defendant and acts of bad faith on the part of the Plaintiff." *Id.*

At the April 28, 2015, hearing on the Bad Faith Motion, defense counsel reiterated that the alleged waiver was based on bad faith, specifically, that the communications may reveal that before registering the plaintiff's mark the plaintiff knew of the defendants' prior use of a similar mark. Counsel admitted that if an *in camera* review revealed no prior knowledge and thus no bad faith, the defendant would have no basis for compelling their production: "if it's not there, we're not entitled to it." Recording of 4/28/2015 Motion Hearing. Nowhere in the Motion or at the hearing did defense counsel assert that the attorney-client privilege was also waived based on an advice of counsel defense. The Court denied the motion to compel without prejudice because the defendants had no threshold evidence of bad faith sufficient to warrant an *in camera* review.[1]

Following the Court's adverse ruling on the Bad Faith Motion, the defendants changed course and filed the Motion, this time arguing waiver as a result of reliance on advice of counsel. In support of the Motion, the defendants again rely on the declaration from Mr. Bengoa submitted on November 20, 2013, in opposition to the defendants' motion for partial summary judgment, in which he stated that he "consulted with my legal counsel to see if there was any problem or conflict with using the 21ST CENTURY SMOKE trademark." Dkt. 61-2 ¶ 34. They also rely on Mr. Bengoa's invocation of the attorney-client privilege when asked about his consultations with his legal counsel regarding the mark.

As a general proposition a party must marshal all of its available arguments at the time it asks the Court to resolve an issue. Thus, a party must present all of its evidence at trial and cannot withhold facts for post-trial motions. *RKI, Inc. v. Grimes*, 200 F. Supp. 2d 916, 921 (N.D. Ill. 2002). Likewise, a party cannot raise arguments for the first time in a motion for reconsideration. *See Craft v. Flagg*, No. 06 CV 1451, 2009 U.S. Dist. LEXIS 44604 at **3-4 (N.D. Ill. May 22, 2009) (the purpose of a motion for reconsideration is not to offer litigants a second bite of the apple). Here, the defendants' Motion is nothing more than a request to

---

[1] Plaintiffs' counsel asserts in the Motion as well as at oral argument that in denying the original motion to compel without prejudice, the Court allowed the defendants to renew the motion only "in the event that something new was illuminated thereafter at the deposition that articulated something more than defense attorney's suspicious or conjecture as to plaintiff's bad faith." Recording of 7/28/2015 Motion Hearing. The minute entry denying the motion contained no such restriction, and the Court's review the audio recording from April 28, 2015, confirms that the Court made no such statement.

- 3 -

reconsider the denial of the Bad Faith Motion but for reasons not originally presented. The Bengoa declaration, upon which the Motion relies, predates the Bad Faith Motion by nearly 16 months. Therefore, the basis of the Motion was available to the defendants at the time they filed their Bad Faith Motion. As for the more recent invocations of the attorney-client privilege at Mr. Bengoa's June 10, 2015, depositions, by then defense counsel had long known about the consultations with counsel described in Mr. Bengoa's 2013 declaration, and that those specific communications had already been identified on the plaintiffs' privilege log. Therefore, Mr. Bengoa's assertion of the attorney-client privilege at his deposition did not reveal new facts unavailable to the defendant at the time of the Bad Faith Motion.

In short, the waiver argument based on Mr. Bengoa's alleged reliance on advice of counsel could have been presented in the Bad Faith Motion. Indeed, in support of the Motion, the defendants admit that "DRD *long ago* admitted that it relied in part of its attorney's advice in using the infringing mark," Reply [140] at 4. Accordingly, the waiver argument based on reliance of attorney's advice raised for the first time in the Motion is forfeited. *RKI*, 200 F. Supp. 2d at 921 (arguments raised for the first time in a motion for reconsideration are forfeited).

**B.    ADVICE OF COUNSEL**

Even if the defendants had not forfeited their waiver argument, the argument nevertheless lacks merits. The parties agree on the general proposition that a litigant cannot use the attorney-client privilege as both a sword and shield., Stated differently, a party cannot assert reliance on advice of counsel, but then assert the attorney-client privilege to shield the disclosure of that advice. *See Avery Dennison Corp. v. UCB Films PLC*, 1998 U.S. Dist. LEXIS 15727, at *13 (N.D. Ill. Sept. 30, 1998) ("Reliance upon counsel's opinions is a waiver of privilege because to hold otherwise would be inherently unfair; it would allow a party to use privileged material as a 'sword' to attack the opposing party's allegations of bad faith, while hiding the basis of its good faith belief behind the 'shield' of privilege."); *see also Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 32 F.3d 851, 863 (3d Cir. 1994) ("advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney-client communication."). Rather, their dispute is limited to whether the plaintiffs have in fact made an issue of good faith reliance on advice of counsel.

The defendants contend that the plaintiffs have made an issue of advice of counsel in the following ways:

(1)    when, in opposition to the defendant's motion for summary judgment on its cancellation counterclaim Mr. Bengoa submitted an affidavit in which he stated, "I had legal counsel review the trademark and file the registration," and "I consulted with my legal counsel to see if there was any problem or conflict with using the 21ST CENTURY SMOKE trademark for my e-cigarettes. The name was cleared and my application for the federal registration was filed on or about May 3, 2010" (Dkt. 133 at 4);

(2)    when Mr. Bengoa asserted the attorney-client privilege in response to deposition questions about his consultations with counsel (Dkt. 133 at 5-7); and

(3) in their response to the motion to compel when they admit that it "is true that, after [Mr. Bengoa's own] investigation, Mr. Bengoa consulted with his lawyers. It is also true that, after that consultation, he instructed his lawyers to prepare and file an application for a trademark on his behalf. These actions simply reflect sound business practice and judgment," and "Mr. Bengoa testified that he did his own investigation, relied on his own extensive experience and knowledge of the e-cigarette industry, and then consulted with his attorneys, and thereafter authorized them to file a trademark application on his behalf." (Dkt. 139 at 6, 11).

In response, the plaintiffs argue that as long as Mr. Bengoa does not describe his attorney's advice and does not assert that he relied on that advice, he has not made an issue of advice of counsel, and therefore has not waived the attorney-client privilege. In support, the plaintiffs rely on *Rhone-Poulenc*, in which the Third Circuit held that:

> the advice of the infringer's counsel is not placed in issue, and the privilege is not waived, unless the infringer seeks to limit its liability by describing that advice and by asserting that he relied on that advice.

*Rhone-Poulenc*, 32 F.3d at 863. Therefore, the plaintiffs contend, Mr. Bengoa is entitled to describe the process through which he registered the "21st Century Smoke" mark---that he determined for himself no one was using a similar mark, that he consulted with an attorney, and that he then directed his attorney to apply for registration---without waiving the attorney-client privilege because such a description does not convey counsel's advice and that the plaintiff relied on it.

In *Rhone-Poulenc*, the Third Circuit explained that the attorney-client privilege is not waived just because the client's state of mind is at issue, even where privileged communications might have affected that state of mind. *Id.* To illustrate, *Rhone-Poulenc* used as example a hypothetical patent infringer attempting to show that he did not act with a willful state of mind, which may limit damages. *Id.* State of mind itself would not place at issue counsel's advice even though the advice might have affected the alleged infringer's state of mind. *Id.* Rather, the "advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication." *Id.* In other words, relying on an attorney-client communication to show that an alleged infringer did not act willfully places advice of counsel at issue and leads to waiver, but relying on evidence other than attorney-client communications to show the infringer did not act willfully does not, even though the infringer may well have received advice from counsel that affected his state of mind.

The Court must focus on precisely what evidence the plaintiffs propose to use. As plaintiff's counsel represented during oral argument, counsel plans to present the following evidence to jurors at trial: (1) that Mr. Bengoa concluded based on his own knowledge of the e-cigarette industry that there was no prior use of a mark similar to "21st Century Smoke," (2) that he consulted with counsel, and that (3) he then directed counsel to apply to register the mark. Defendants agree that evidence of Mr. Bengoa's conclusion based on his own search, and his direction to counsel to apply to register the mark do not place counsel' advice at issue. Their

dispute is therefore limited to the plan by plaintiff's counsel to introduce evidence that Mr. Bengoa consulted with counsel.

Another court within this circuit addressed a similar issue in the context of a motion *in limine*. In *Bosch v. Ball-Kell*, No. 03 CV 1408, 2007 U.S. Dist. LEXIS 11906 (C.D. Ill. Feb. 21, 2007), the plaintiff sought to bar the defendant from eliciting any testimony regarding any advice of counsel defense. *Id.* at *2. The defendants had not pled an advice of counsel defense, but during deposition had "alluded to conversations with University counsel regarding the legality of copying her teaching materials," and then objected to questions about the statements on the basis of the attorney-client privilege. *Id.* Despite asserting the privilege, the defendants nevertheless planned to present evidence of their "good faith at all times and that their state-of-mind may properly be based on counsel's advice without divulging what the advice actually was." *Id.* Applying the reasoning of *Rhone-Poulenc*, the court agreed that the defendants could walk the fine line between referencing counsel's advice (which does not waive the privilege) and describing that advice and asserting that they relied on it (which would waive the privilege). *Id.* at *3. Consequently, the *Bosch* court denied the motion *in limine* "to the extent that it seeks to prohibit the limited reference to counsel's advice as part of establishing state-of-min[d] that is permitted in *Rhone-Poulenc* and *Garcia* [*v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 (7th Cir. 1995)]. *Bosch*, 2007 U.S. Dist. LEXIS 11906 at *3.

Similarly in *Avery Dennison Corp. v. UCB Films PLC*, No. 95 CV 6351, 1998 U.S. Dist. LEXIS 15727, at *13 (N.D. Ill. Sept. 30, 1998), the court held that assertion of the good faith defense to willful patent infringement waives the attorney-client privilege where the alleged infringer asserts both "[1] that it conferred with an attorney, [and 2] who advised it that it was not infringing on any patent." Here, the plaintiffs have represented that they will not present evidence of any advice counsel provided.

One district court in this circuit reached a different result. In *Dorr-Oliver Inc. v. Fluid-Quip, Inc.*, 834 F. Supp. 1008 (N.D. Ill. 1993), the trademark defendant filed a motion for partial summary judgment arguing that its good faith precluded any monetary award under equitable accounting principles. *Id.* at 1011. The defendant argued that its good faith was "demonstrated by Mr. Franko's prudent conduct, prior to manufacturing Fluid-Quip's clamshells, in seeking opinion from counsel." *Id.* The plaintiff then filed a motion to reopen discovery and to extend its time to respond to the motion for partial summary judgment because the defendant's argument about "seeking opinion from counsel" waived the attorney-client privilege upon which the defendants had withheld evidence of the defendants' communications with counsel. *Id.*

The defendants in *Dorr-Oliver* argued that they had not waived the privilege because "they are not asserting or relying on the content of any legal opinion, they are simply invoking the fact of the consultation with counsel as one aspect of their prudent conduct in building their good faith defense to willful infringement." *Id.* To that, the court in *Dorr-Oliver* responded:

> Defendants' claim defies logic. Defendants clearly state that part of their good faith was seeking advice of counsel. Merely asking a lawyer a question is not in itself probative evidence of good faith. Whether or not defendants acted in good

faith depends on what legal advice they received and whether they followed that
legal advice.

*Id.* But *Dorr-Oliver* is distinguishable on two grounds. First, it involved evidence that explicitly referred to an "opinion from counsel," rather than the "consultation" at issue here. Second, *Dorr-Oliver* was decided before *Rhone-Poulenc* and the subsequent decisions by district courts within this circuit that adopted it. Indeed, later the same court that decided *Dorr-Oliver* relied on *Rhone-Poulenc* in deciding that a patent litigant had not waived the attorney-client privilege by raising an equitable estoppel defense because the litigant was not relying on attorney-client communications to prove the defense. *See Chamberlain Group v. Interlogix, Inc.*, No. 01 CV 6157, 2002 U.S. Dist. LEXIS 5468, at *11 (N.D. Ill. Mar. 27, 2002).

The Court acknowledges, as did the plaintiffs at oral argument, that evidence that Mr. Bengoa consulted with counsel before directing counsel to apply to register for the mark may well create an inference that the plaintiff proceeded only after counsel "blessed" the application. However, as discussed above, the attorney-client privilege is not waived merely because counsel's advice may have influenced a litigant's state of mind and is therefore relevant to that state of mind. Rather, the privilege is waived when the advice is affirmatively used to establish a claim or defense. Here, as in *Bosch*, the plaintiff is using only the fact that he consulted with counsel to establish his good faith defense rather than the content of the advice received. *Bosch*, 2007 U.S. Dist. LEXIS 11906, at *3. Accordingly, the plaintiffs are walking the fine line of privilege without crossing over the line into waiver.

As for the defendants' arguments about the law of the case doctrine, that principle applies only to determinations made by an appellate court prior to remanding the case to the district court, which is then bound by those determinations. *See, e.g., Cole Energy Dev. Co. v. Ingersoll-Rand Co.*, 8 F.3d 607, 609 (7th Cir. 1993) (lower court to follow decision of higher court in same case). The principle is inapplicable here because there was no appeal. In any event, on summary judgment the district court looks only to whether the party opposing summary judgment has identified evidence disputing a fact asserted by the moving party.

## CONCLUSION

For the reasons stated, the defendants' renewed motion to compel [133] is denied and the Court will not compel the plaintiffs to disclose the four communications identified as attorney-client privileged documents on the plaintiffs' privilege log. The plaintiffs are advised, however, that their victory is not without consequences: "A party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery; failure to do so constitutes a waiver of the advice-of-counsel defense." *Minnesota Specialty Crops, Inc. v. Minnesota Wild Hockey Club, L.P.*, 210 F.R.D. 673, 676-77 (D. Minn. Aug. 9, 2002) (internal quotation marks and citations omitted). Therefore, as a result of their invocation of the attorney-client privilege, the plaintiffs will find themselves unable to present evidence at trial that would make an issue of the advice of counsel defense. Additionally, this Court's decision in no way prevents District Judge Kapala from ruling on a motion *in limine* on this issue if the case proceeds to trial. Discovery

issues – particularly when determined by a magistrate judge – are very different from evidentiary issues at trial – particularly when determined by a district judge.

Date:  September 1, 2015          By:  _____
                                        Iain D. Johnston
                                        United States Magistrate Judge