UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DR DISTRIBUTORS, LLC,<br><br>    Plaintiff-Counterdefendant,<br><br>v.<br><br>21 CENTURY SMOKING, INC., and BRENT DUKE,<br><br>    Defendant-Counterclaimants,<br><br>v.<br><br>CB DISTRIBUTORS, INC., and CARLOS BENGOA,<br><br>    Counter-Defendants. | **Case Number:** 3:12 – cv – 50324<br><br>**Judge:** Frederick J. Kapala<br><br>**Magistrate Judge:** Iain D. Johnston |

**PLAINTIFF-COUNTERDEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT-COUNTERCLAIMANT'S MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORT OF DAVID HAAS**

Plaintiffs-Counterdefendants DR Distributors, LLC ("DR"), CB Distributors, Inc. ("CB"), and Carlos Bengoa ("Mr. Bengoa") (collectively the "Plaintiffs") respectfully submit the following Supplemental Memorandum of Law in Opposition to Defendant-Counterclaimants 21 Century Smoking, Inc.'s ("Defendants") Motion for Leave to Supplement the Expert Report of David Haas.

The Court heard oral argument on Defendants' Motion on June 7, 2016. During the hearing, the Hon. Iain Johnston asked Plaintiffs' counsel questions about interpretation of Federal Rule of Civil Procedure 26 – specifically, Rule 26(e)(1) and Rule 26(e)(2). The question

{0065-1370/00412481-1} -1-

was whether both Rule 26(e)(1) and Rule 26(e)(2) applied to expert reports, or whether only Rule 26(e)(2) applied to expert reports.

Plaintiffs respectfully submit the following authority concerning this issue, to further aid the Court regarding how the drafters of the Rule intended the Rule to be interpreted, and how other courts in this Circuit and District have interpreted Rule 26(e).

Rule 26(e) states:

> (e) Supplementing Disclosures and Responses.
>
> (1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.
>
> (2) Expert Witness. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Under the "Notes of Advisory Committee on 1993 amendments" it states: "**Revised subdivision (e)(1)** requires disclosure of any material changes made **in the opinions of an expert from whom a report is required**, whether the changes are in the written report or in testimony given at a deposition." (emphasis added). It is apparent from this Note that the Advisory Committee intended Rule 26(e)(1) to cover expert opinions and reports.

The same Note further states: "Note to Subdivision (e). This subdivision is revised to provide that the requirement for supplementation applies to all disclosures required by subdivisions (a)(1)-(3)." Subd. (a)(2) of Rule 26 concerns expert disclosures:

> (a)(2) Disclosure of Expert Testimony.
>
> (A)  In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B)  Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
>> (i)  a complete statement of all opinions the witness will express and the basis and reasons for them;
>>
>> (ii)  the facts or data considered by the witness in forming them;
>>
>> (iii)  any exhibits that will be used to summarize or support them;
>>
>> (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
>>
>> (v)  a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>>
>> (vi)  a statement of the compensation to be paid for the study and testimony in the case.
>
> …
>
> (E)  Supplementing the Disclosure. The parties must supplement these disclosures when required under Rule 26(e).

Section (E) above states the parties must supplement these disclosures (expert) when required "under Rule 26(e)."  Section (E), which specifically governs expert disclosures, does not limit the supplementation of expert disclosures only under Rule 26(e)(2). **It is inclusive of all of Rule 26(e)**.  Therefore, the entirety of subsection Rule 26(e) concerns experts and their reports – not just Rule 26(e)(2).

The Note further states: "The revision also clarifies that the obligation to supplement responses to formal discovery requests applies to interrogatories, requests for production, and requests for admissions, but not ordinarily to deposition testimony. However, <u>with respect to</u>

experts from whom a written report is required under subdivision (a)(2)(B), changes in the opinions expressed by the expert whether in the report or at a subsequent deposition are subject to a duty of supplemental disclosure **under subdivision (e)(1)**." (emphasis added). Again, the language and intent of the Rule is illuminated by the Advisory Committee. Changes in an expert's report are governed **by Rule 26(e)(1)**.

The annotations to Rule 26 removes any doubt that Rule 26(e)(1) applies to experts and their reports. The Notes specifically state that subdivision (e)(1) requires disclosure of any material changes made in the opinions of an expert from whom a report is required. The Notes also specifically state that subdivision (e) applies to all disclosures required by subd. (a)(2) of Rule 26, which concerns expert disclosures. Lastly, the Notes state that changes in an expert's report are specifically governed by Rule 26(e)(1).

Case law in the Seventh Circuit further supports that Rule 26(e)(1) applies to experts and their reports. In *Walsh v. McCain Foods*, 81 F.3d 722 (7th Cir. Ill. 1996), the Court of Appeals for the Seventh Circuit stated:

> Rule 26(a)(2) explicitly requires an expert witness to provide a report containing his opinions as well as the basis and reasons for those opinions. Subsections (a)(2)(C) and (e)(1) of that rule require that the expert's disclosure be supplemented if there are any modifications or additions to the information previously disclosed. This duty extends "both to the information contained in the expert's report and to the information provided through deposition of the expert." Fed. Rule Civ. P. 26(e)(1). (emphasis added).

The Court of Appeals for the Seventh Circuit also stated in *Grassi v. Information Resources*, 63 F.3d 596 (7th Cir. Ill. 1995), in a section specifically titled "Supplemental reports of plaintiffs' expert witness," that:

> Plaintiffs' contend that the district court abused its discretion in barring two supplemental reports offered by plaintiffs' accounting expert,

> Professor Givoly. Plaintiffs tendered Professor Givoly's supplemental reports to the court on April 15 and April 22, 1994--just as the trial was commencing. As the district court pointed out in its eight page order excluding these two new reports, Federal Rule of Civil Procedure 26(e)(1) requires that such supplemental information be provided 30 days prior to trial. See Fed. Rule Civ. P. 26(e)(1); *Patel v. Gayes*, 984 F.2d 214, 221 (7th Cir. 1993) ("Under the Federal Rules, the district court has the discretion to impose sanctions on a party if that party fails to meet the requirements of Rule 26.").
> …
> Again, we must conclude that the district court acted well within its discretion.

See also *Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. Ill. 2000).

Case law in the Northern District of Illinois also supports that Rule 26(e)(1) applies to experts and their reports. "Rule 26(e)(1) of the Federal Rules of Civil Procedure provides guidance for the filing of supplemental expert reports." *Minuteman Int'l v. Nilfisk-Advance A/S & Nilfisk Advance, Inc.*, 2004 U.S. Dist. LEXIS 19451 (N.D. Ill. 2004).

"A party has an ongoing duty to supplement its disclosures, including testimony by an expert in both the expert's report and deposition, if 'the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.' Fed. Rule Civ. P. 26(e)(1)." *Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797 (N.D. Ill. 2005). See also *Black & Decker Corp. v. Positec USA Inc.*, 2015 U.S. Dist. LEXIS 127193 (N.D. Ill. 2015); *Rossi v. Groft*, 2013 U.S. Dist. LEXIS 78095 (N.D. Ill. 2013)

In *Shen Wei (USA) Inc. v. Sempermed USA, Inc.*, 2008 U.S. Dist. LEXIS 109486 (N.D. Ill. 2008), the Court stated:

> Rule 26(a)(2)(B)(i) requires that expert witness disclosures include "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. Rule Civ. P. 26(a)(2)(B)(i) (emphasis added). <u>Rule 26(e)(1) requires supplementation of expert disclosures</u> if the "party

> learns that in some material respect the disclosure or response is incorrect or incomplete, <u>and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."</u> Fed. Rule Civ. P. 26(e)(1)(A). Neither a rebuttal report nor a supplemental report may offer new substantive expert opinions unless there is substantial justification for failing to timely offer the new opinions or the new opinions offered are harmless. *Baldwin Graphic Systems, Inc. v. Siebert, Inc*., 2005 U.S. Dist. LEXIS 10692, 2005 WL 1300763, at *2 (N.D. Ill. Feb. 22, 2005) (stating "[t]he rebuttal expert report is no place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice); *Metro Ford Truck Sales, Inc. v. Ford Motor Co*., 145 F.3d 320, 324 (5th Cir. 1988) (stating "[t]he purpose of supplementary disclosures is just that-to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadlines."); Fed. Rule Civ. P. 37(c)(1). (emphasis added).

*Id*. See also *Noffsinger v. Valspar Corp*., 2012 U.S. Dist. LEXIS 167776 (N.D. Ill. 2012)

In *Behland v. Midwest Generation EME, LLC*, 2008 U.S. Dist. LEXIS 2936 (N.D. Ill. 2008), the Court stated:

> Rule 26(e) imposes a "duty to supplement or correct" disclosures under Rule 26(a) "to include information thereafter acquired if ordered by the court or in the following circumstances," including those set forth in Rule 26(e)(1), which imposes a duty to supplement if a party "learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." With regard to retained experts, <u>Rule 26(e)(1) states that the duty to supplement "extends both to information contained in the [expert's] report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due."</u>
> …
> [T]he duty to supplement imposed by Rule 26(e) is not intended to give a party a second crack at making expert disclosures that, after their court-imposed due date, are discovered, or claimed by the other side, to be deficient in some way. If that were what the Rule meant, it would make court-imposed Rule 26(a)(2) disclosure dates effectively meaningless.

*Id*.

Based on the Advisory Committee Notes to Rule 26, as well as case law in the Seventh Circuit Court of Appeals and the Northern District of Illinois, Rule 26(e)(1) applies to Defendants' attempted supplementation of their expert's report. However, as stated in Plaintiffs' opposition brief, Rule 26(e) does not permit an expert to correct mistakes based on previously available information, as supplementation must be made: "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, **and** if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." (emphasis added).

Therefore, Plaintiffs respectfully request that Defendant's Motion be denied.

Dated: June 20, 2016

Respectfully submitted,

NICOLL DAVIS & SPINELLA, LLP

By: /s/ Brian M. Gaynor _____
BRIAN M. GAYNOR
bgaynor@ndslaw.com
95 Route 17 South
Paramus, New Jersey 07652
201-712-1616
201-712-9444 (fax)

and

/s/ Robert C. von Ohlen
ROBERT C. VON OHLEN
rvo@vonohlenlaw.com
1340 W. Deerpath Road
Lake Forest, Illinois 60045
888-376-7475
888-354-4244 (fax)