UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| DR DISTRIBUTORS, LLC, | ) | |
|     Plaintiff-Counterdefendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 21 CENTURY SMOKING, INC., and | ) | No. 12 CV 50324 |
| BRENT DUKE, | ) | Magistrate Judge Iain D. Johnston |
|     Defendants-Counterplaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CB DISTRIBUTORS, INC. and CARLOS | ) | |
| BENGOA, | ) | |
|     Counterdefendants. | ) | |

# REPORT AND RECOMMENDATION

Plaintiff and/or counterdefendants DR Distributors LLC, CB Distributors, Inc. and Carlos Bengoa (collectively "plaintiffs") have filed a motion to recover costs and fees they contend they incurred preparing to depose the defendants' expert witness before the defendants cancelled the deposition and withdrew the expert's report. Dkt. 184. At oral argument the parties reached an agreement on costs, so that request is moot. As for fees, for the reasons that follow it is this Court's Report and Recommendation that the plaintiffs' request for fees on the basis presented in the motion---Federal Rule of Civil Procedure 37---be denied.

# BACKGROUND

The plaintiff DR Distributors, LLC uses the mark "21st Century Smoke" for its line of e-cigarettes. It sued defendants 21 Century Smoking and Brent Duke (collectively "defendants") for using the admittedly similar mark "21 Century Smoking." The defendants responded with a counterclaim alleging that the plaintiffs infringed their mark and seek to cancel the plaintiffs' mark. Dkt. 88.

On March 28, 2016, the defendants served the plaintiffs with the report of their expert witness, Michael Donahue, who opined on the future costs of corrective advertising to resolve confusion over the parties' similar marks. The parties agreed to May 4, 2016, as the date for Mr. Donahue's deposition in Chicago. However, at 3:07pm Chicago time on May 3, 2016, the day before the scheduled deposition, defense counsel sent an e-mail to plaintiffs' counsel cancelling the deposition. By then, plaintiffs' New Jersey counsel had already flown to Chicago, paid for a hotel and rental car, and was meeting with plaintiffs' Chicago counsel. Two days later on May 5, 2016, defense counsel called plaintiffs' counsel notifying them that the defendants were withdrawing Mr. Donahue's expert report. The defendants proffered that Mr. Donahue's report

was withdrawn and Mr. Donahue was no longer being offered as a witness because they were ethically bound not to present expert opinion testimony that a witness was not qualified to make.

According to the plaintiffs' motion, counsel also discussed the costs and fees the plaintiffs incurred preparing for Mr. Donahue's deposition, and defense counsel asked for copies of New Jersey counsel's airfare and hotel bill. Over the coming months the plaintiffs provided receipts and time records and counsel discussed the following costs and fees the plaintiffs attribute to preparing for Mr. Donahue's deposition: (1) $2,400 in airfare, ground transportation, and hotel costs for plaintiff's New Jersey counsel; (2) $4,200 for attorneys' fees incurred by New Jersey counsel during 7 hours traveling to Chicago and another 7 hours returning home at $300 an hour; (3) $4,766.25 for fees paid to the plaintiff's expert Dr. Robert Vigil for 7.75 hours spent reviewing Mr. Donahue's report and helping plaintiffs' counsel prepare for the deposition; and (4) $24,145 for fees plaintiffs' counsel incurred preparing for the deposition (30.5 hours by Chicago counsel at $350 an hour, and 44.9 hours by New Jersey counsel at $300 an hour). In a letter dated January 31, 2017, defense counsel declined to pay any of the fees plaintiffs' counsel sought, but agreed to pay an unspecified reasonable amount of travel, lodging and meal costs provided that the plaintiffs provided bills for defense counsel's review. To date, nothing has been paid.

## ANALYSIS

Under Federal Rule of Civil Procedure 37(b)(2)(A), a court may sanction a party who "fails to obey an order to provide or permit discovery." The sanction may include an order to pay "reasonable expenses, including attorney's fees" unless the failure to comply "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The Court shall begin with costs. In their motion the plaintiffs reduced the travel, lodging and meal costs sought from $2,400.00 to $1,344.14, with a declaration from plaintiffs' attorney Anthony J. Davis attached to support the calculation of costs. Although defense counsel never pointed this out, Mr. Davis' calculations are incorrect. The costs of airfare ($272.20), Uber ($118.52), rental car ($182.24), one night at the Hilton Garden Inn ($232.00), and one night at the Hotel Burnham ($268.59) total $1,073.55, not $1,344.14. The discrepancy appears to arise from the stay at the Hotel Burnham, which actually lasted two nights, but for which the plaintiffs seek reimbursement for only one night. At oral argument, defense counsel agreed to pay these reduced travel costs. Under the parties' agreement, the defendants owe costs in the amount of $1,073.55, and therefore the issue of costs before this Court is moot.

Turning now to fees, in their motion the plaintiffs limit their argument for fees to one brought under Fed. R. Civ. P. 37. As mentioned above, Rule 37 empowers courts to award sanctions for various discovery violations, such as failing to make initial disclosures or to supplement earlier responses (Rule 37(c)), a party's failure to attend its own deposition or to respond to interrogatories (Rule 37(d)), or failing to preserve electronically stored information (Rule 37(e)). But the plaintiffs' motion never specifies which discovery rule covered by Rule 37 the defendants allegedly violated. At oral argument the plaintiffs supplemented their motion by arguing that the defendants' conduct falls under Rule 37(b)(2)(A), which addresses disobeying a

discovery order. But this Court never ordered the defendants to use a retained expert. The Court merely set a deadline by which any expert needed to be made available to be deposed. The defendants have withdrawn Mr. Donahue's report and, therefore, under Fed. R. Civ. P. 26(a)(2)(B) would be unable to present Mr. Donahue as a retained expert witness at trial. For added comfort, at oral argument, defense counsel confirmed on the record they will not offer Mr. Donahue as a retained expert witness. And because the date for identifying retained experts and serving expert reports has expired, defendants may not offer retained expert opinion testimony on this issue. Fed. R. Civ. P. 37(c)(1).

In their brief, the plaintiffs argue that an award of fees is also warranted under this Court's decision in *Milliman v. McHenry County*, 11 CV 50361, 2015 U.S. Dist. LEXIS 85709 (N.D. Ill. June 11, 2015) (a Report and Recommendation accepted by Judge Kapala at 2015 U.S. Dist. LEXIS 85028). In *Milliman* this Court recommended that the plaintiff be allowed to identify a substitute expert after withdrawing the original expert, conditioned on plaintiff's payment of the reasonable fees and costs expended in preparing for the original expert's deposition. *Id.* at \*\* 1-2. The situation presented in *Milliman* is distinguishable, though, because fees were imposed not because the plaintiff abandoned its expert last minute, but rather only as a condition of identifying a substitute expert. *Id.* Under the terms of that order, had the plaintiff decided against identifying a substitute expert, no fees would have been due. Therefore, the *Milliaman* decision provides no support for the plaintiffs' argument that fees should be awarded merely because a party decides against using a previously-disclosed retained expert.

The plaintiffs have cited no discovery rule or court order that requires the defendants to arrange for the deposition of experts they intend not to use. Accordingly, the plaintiffs have identified no basis under Rule 37(b)(2)(A) for imposing sanctions for cancelling the deposition of Mr. Donahue and withdrawing him as a retained expert. Indeed, the plaintiffs have identified no basis under any provision of Rule 37 – which was and is the only source of authority relied upon – to impose attorneys' fees and expert witness expenses under these circumstances.

At oral argument on the motion, for the first time, the plaintiffs cited three additional cases: *Simmons v. Fox*, 14 C 309, 2016 U.S. Dist. LEXIS 57811 (N.D. Ill. May 2, 2016); *Emergency Response Specialists, Inc. v. CSA Ocean Sciences, Inc.*, 14 CV 2214, 2016 U.S. Dist. LEXIS 113221 (N.D. Ala. Aug. 4, 2016); *Farace v. American Airlines, Inc.*, 10 CV 724, 2011 U.S. Dist. LEXIS 126731 (D. Nev. Nov. 1, 2016).[1] All three cases are easily distinguishable and do not support the request for attorneys' fees and expert expenses preparing for the cancelled deposition of Mr. Donahue. The *Simmons* decision, authored by District Judge Harry D. Leinenweber, involved a party's failure to attend his own deposition, which is specifically identified as sanctionable under Rule 37(d). Judge Leinenweber also noted that the party "walked out" of the deposition, cancelled the deposition scheduled the next day, and left town, all based upon a reason Judge Leinenweber called "ludicrous." The *Emergency Response* decision is distinguishable in three important facets: (1) again, the case involved the

---

[1] The Court pauses briefly to note that arguing cases for the first time without providing notice to the Court or opposing counsel is generally disfavored. Although the Northern District of Illinois has no specific rule prohibiting this practice (and it does not have rules prohibiting all manner of other disfavored actions), other courts have codified rules prohibiting arguing cases not previously cited. Nineteenth Judicial Circuit Court, Lake County, Illinois, Local Civil Rule 2-1.02D.

representative of a party failing to attend a scheduled deposition, which is sanctionable under Rule 37(d); (2) the witness had a history of shenanigans; and (3) the moving party was merely seeking attorneys' fees for time appearing at the deposition, not preparing for the deposition. The *Farace* decision merely sought reimbursement for the cost of a non-refundable airline ticket, which the defendants have already agreed to in this case; the movant did not seek attorneys' fees and expert witness expenses preparing for the deposition.

Because the plaintiffs solely relied upon Rule 37 as the basis for sanctions, the plaintiffs' motion should be denied. There is no authority under that rule providing for sanctions under these circumstances.

## CONCLUSION

Consistent with the parties' agreement, the defendants will pay costs to the plaintiffs in the amount of $1,073.55. For the reasons given above, it is this Court's Report and Recommendation that the motion for fees under Rule 37 [184] be denied. Any objection to this Report and Recommendation is due by March 21, 2017. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

Date: March 7, 2017          By: _____
                                  Iain D. Johnston
                                  United States Magistrate Judge