IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| DR DISTRIBUTORS, LLC, CB DISTRIBUTORS, INC. and CARLOS BENGOA, ) ) ) Plaintiffs/Counterclaimants, ) ) v. ) ) 21 CENTURY SMOKING, INC., and BRENT DUKE, ) ) Defendant/Counterclaim Defendant, ) ———————————————————— 21 CENTURY SMOKING, INC., ) ) Counterclaimant, ) ) v. ) ) DR DISTRIBUTORS, LLC, CB DISTRIBUTORS, INC. and CARLOS BENGOA, ) ) Counterclaim Defendants. ) | Case Number: 3:12 – cv – 50324 Judge: Frederick J. Kapala Magistrate Judge: Iain Johnston |

**DECLARATION OF THOMAS R. LEAVENS**

I, THOMAS R. LEAVENS, of full age, certify and state the following, with are within my personal knowledge, to wit:

1. I am an attorney at law in the State of Illinois, admitted in the Northern District of Illinois, a partner with the law firm of Leavens, Strand & Glover, LLC, and counsel for Defendants 21 Century Smoking, Inc. and Brent Duke (collectively referred to herein as "Defendants") in the above-captioned matter.

1

2.  I submit this declaration in support of Defendants' Response to DR Distributors, LLC's Motion for Leave to Amend Summary Judgment Motion.

3.  On January 18, 2013, Plaintiff DR Distributors, LLC served its First Set of Document Requests on Defendant 21 Century Smoking, Inc. I was involved with the preparation of the response to this document request and the collection of documents responsive to the request, with the assistance of the firm's associate attorney at that time, Heather Liberman. During the course of preparing the defense of the claims brought against 21 Century Smoking, Inc., I sat with Mr. Brent Duke as he disclosed certain electronically stored information for the company, which were produced to DR Distributors, LLC by 21 Century Smoking, Inc. as part of our initial document disclosure. Included in that disclosure were certain documents that either referenced Mr. Duke's personal email account "BrentDuke@Yahoo.com" or were screenshots from that account. At all relevant times, Mr. Duke had been advised to preserve any and all of his electronic records relative to the matter.

4.  Based upon information provided by 21 Century Smoking, Inc., 21 Century Smoking, Inc. served a Rule 26(a) disclosure to DR Distributors, Inc. on August 27, 2013, wherein we identified "three or four" computers located at the offices of 21 Century Smoking, Inc. as the location of 21CS's electronically stored information.

5.  Following the settlement conference between the parties held on August 25, 2014, counsel for the parties discussed various discovery matters, including conducting discovery of electronically stored information. Heather Liberman was the principal attorney in contact with counsel for DR Distributors, LLC, CB Distributors, Inc. and Carlos Bengoa (collectively "Plaintiffs") concerning these matters. These discussions were in accordance with the Proposed Case Management Order filed with the Court on September 3, 2014.

6.  Several months later, Heather Liberman resigned from Leavens, Strand & Glover, LLC to become the General Counsel of SXSW, Inc. in Austin, Texas, effective

December 31, 2014. Mr. Travis Life assumed the responsibilities of Ms. Liberman in this case, starting in mid-December, 2014.

*Note: In April, 2017, Leavens, Strand & Glover, LLC, changed its on-line cloud storage service providers. During the course of the change of providers, access to the email account of Ms. Liberman with the firm was lost. Further, on-line access to email messages for all attorneys of the firm for the year 2015 until mid-April, 2016 is currently unavailable, with the resolution of such access currently unknown. Therefore, the following statements have been prepared based upon my very best investigation and recollection, despite the fact that written information and materials may be incomplete.*

  7. On or about October 6, 2014, Ms. Liberman and Brian Gaynor, one of the attorneys for Plaintiffs, discussed e-discovery. Included in those discussions was the designation of search terms to be used by a third-party e-discovery vendor. On October 7, 2014, Ms. Liberman sent Mr. Gaynor the Defendants' proposed search terms. On November 5, 2014, Mr. Gaynor submitted proposed search terms on behalf of the Plaintiffs and on November 24, 2014, Ms. Liberman and Mr. Gaynor discussed the possibility of engaging the same third-party e-discovery vendor for the Plaintiffs and the Defendants. However, on November 26, 2014, Mr. Gaynor informed Ms. Liberman that "the electronic discovery process is underway for our client", and on December 1, 2014, that the Plaintiffs would be using their own third-party vendor. I do not believe a more formal e-discovery plan was entered between the parties.

  8. Following the disclosure that the Plaintiffs were moving ahead with their own e-discovery vendor, Leavens, Strand & Glover, LLC engaged a third-party e-discovery vendor called 4Discovery on behalf of the Defendants. I approved the selection of the vendor and Ms. Liberman coordinated the completion of the engagement agreement with the vendor. I also reviewed the search terms proposed by the Plaintiffs and approved them. The scope of the e-discovery search included four

computer hard drives that were used by Mr. Duke and others at 21 Century Smoking, Inc. It was Ms. Liberman's understanding that the scope of the search to be conducted by the vendor was consistent with the discussions she earlier had with Mr. Gaynor. She did not understand that any email accounts of Mr. Duke might be excluded from the search or believe that the e-discovery search might not pick up all of Mr. Duke's e-mail accounts. I also had the understanding that, while the search was of four computer hard drives, the search to be conducted by the vendor would be comprehensive, within the understanding discussed with Mr. Gaynor, and that no email account of Mr. Duke might be excluded. Further, neither Ms. Liberman nor I was advised by our third-party vendor that any type of email account might not be included in the results of the search it was conducting of the computer hard drives.

9. The imaging of the four computer hard drives that were searched with the search terms was completed by approximately December 22, 2014, and the search of the imaged hard drives using the search terms submitted by the Plaintiffs was conducted shortly thereafter.

10. During the summary judgment filings, I came to learn that Mr. Duke's personal *Yahoo.com* email address, BrentDuke@Yahoo.com, were not subject to search terms DR submitted. I have also come to learn that the reason for this is that Mr. Duke accessed this email account through a web browser. At no time was I or my team ever aware, nor were we advised by our e-discovery vendor, nor Plaintiffs or their e-discovery vendor, that this was an issue to watch out for or that might affect search results in the context of e-discovery and search terms.

11. Since the last court appearance, we launched an investigation into why the Saraswat documents were not previously located. To that end, we obtained the login and passwords to the "BrentDuke@Yahoo.com" email account and directed 4Discovery to conduct a search of that account with the search terms previously used to search the imaged computer hard drives. 4Discovery conducted the search against this email

4

address and produced the hits to us. From that, my team has culled the responsive documents and are ready to produce them in accordance with the direction of this Honorable Court.

    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: May 14, 2018                        /s/ <u>Thomas R. Leavens</u>

                                              THOMAS R. LEAVENS