IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| DR DISTRIBUTORS, LLC, CB DISTRIBUTORS, INC. and CARLOS BENGOA, )<br>)<br>Plaintiffs/Counterclaimants, )<br>)<br>v. )<br>)<br>21 CENTURY SMOKING, INC., and BRENT DUKE, )<br>)<br>Defendant/Counterclaim Defendant, )<br>_____)<br>21 CENTURY SMOKING, INC., )<br>)<br>Counterclaimant, )<br>)<br>v. )<br>)<br>DR DISTRIBUTORS, LLC, CB DISTRIBUTORS, INC. and CARLOS BENGOA, )<br>)<br>Counterclaim Defendants. ) | Case Number: 3:12 – cv – 50324<br><br>Judge: Frederick J. Kapala<br><br>Magistrate Judge: Iain Johnston |

## DECLARATION OF TRAVIS W. LIFE

I, TRAVIS W. LIFE, of full age, certify and state to the following, which is within my personal knowledge:

1. I am an attorney at law in the State of Illinois, admitted in the Northern District of Illinois, a partner with the law firm of Leavens, Strand & Glover, LLC, and counsel for Defendants 21 Century Smoking, Inc. and Brent Duke (collectively referred to herein as "Defendants") in the above-captioned matter.

2. I submit this declaration in support of Defendants' Response to DR Distributors, LLC's Motion for Leave to Amend Summary Judgment Motion.

3. On December 14, 2014, I accepted a position with the law firm Leavens, Strand & Glover, LLC. At this time I started to become acquainted with the case *DR Distributors, LLC v. 21 Century Smoking, Inc., et al.* Discovery had already commenced, the parties had exchanged search terms for e-discovery, each party had engaged their own e-discovery vendor to perform searches on their clients' computers, and Defendants' e-discovery vendor, 4Discovery, had imaged Defendants' computers.

4. On or about December 19, 2014, 4Discovery searched the images from Defendants' computers.

5. Through the months of January and February of 2015, I reviewed the documents identified from 4Discovery's search.

6. The responsive documents were sent to Plaintiffs on February 25, 2015.

7. In April, 2017, Leavens, Strand & Glover, LLC, changed its on-line cloud storage service providers. During the course of the change of providers, access to email messages for all attorneys of the firm for the year 2015 until mid-April, 2016 is currently unavailable, with the resolution of such access currently unknown. Therefore, the following and above statements have been prepared based upon my memory and records, but admittedly upon information and materials that may be incomplete.

8. On January 15, 2018, I learned, for the first time, of Plaintiffs' claims that Defendants were "withholding" documents. I was shocked by this assertion.

9. Between January 24, 2018, through February 8, 2018, I focused my attention on Defendants' designation of confidential documents previously filed with Plaintiffs' Motion for Summary Judgment and amending the protective order.

10. On February 23, 2018, I investigated allegations of missing emails, which was presented to me, for the first time, in Plaintiffs' Motion for Summary Judgment.

11. The Yahoo Email existed in 2009 when Mr. Duke started 21 Century Smoking, and he continued to use it on occasion for company business after his business email, "support@21centurysmoking.com" and "bduke@21century smoking.com" came into existence. On March 14, 2018, I contacted Mr. Duke, via email, to schedule a call regarding Plaintiffs' claims of missing documents. I spoke with Mr. Duke the following day. I requested that Mr. Duke re-search his "BrentDuke@Yahoo.com" email to locate any and all emails related to Ms. Woods (a confused customer), Kirti Saraswat, and Webrescol, and the requested correspondence with Frank Gu. Mr. Duke was unable to locate any emails related to Ms. Woods, but did find emails related to Kirti Saraswat and Webrescol and the reply to the Frank Gu (a supplier) correspondence. Mr. Duke produced those emails to me on March 17, 2018 and March 18, 2018.

12. I immediately reviewed these documents and they were produced to Plaintiffs on March 19, 2018.

13. When reviewing newfound documents, I questioned whether 4Discovery searched Mr. Duke's Yahoo.com email account. I contacted 4Discovery and they confirmed that their search-term searches would not have analyzed a web-based email account which was not stored on the computer. We then requested 4Discovery to search Mr. Duke's personal Yahoo.com email account, using the search terms.

14. I provided 4Discovery with log-in and password information for Mr. Duke's person email account at "brentduke@yahoo.com." 4Discovery then extracted all of Mr. Duke's emails 4Discovery then ran a search using the previously agreed-upon search terms. Email sent or received prior to the January 1, 2009 was excluded. Thereafter, the documents were printed and reviewed for responsiveness.

15. I have come to learn that at all relevant times, emails from "support@21CenturySmoking.com" and "bduke@21CenturySmoking.com" were automatically forwarded to the Yahoo Email.

16. Counsel for Defendants are prepared to produce any responsive documents, subject to the authorization of the Honorable Court.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 14, 2018                          /s/ Travis W. Life

                                                        TRAVIS W. LIFE