IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| DR DISTRIBUTORS, LLC | ) | No. 12 CV 50324 |
| | ) | |
|     *Plaintiff*, | ) | Magistrate Judge Iain D. Johnston |
| | ) | District Judge Frederick J. Kapala |
| v. | ) | |
| | ) | |
| 21 CENTURY SMOKING, INC., | ) | |
| | ) | |
|     *Defendant*. | ) | |

# MEMORANDUM OPINIOIN AND ORDER

Before the Court is 21 Century Smoking, Inc.'s and Brent Duke's Motion for Leave to Amend their counterclaim. Dkt. 275. For the following reasons, the Motion is denied.

# INTRODUCTION

A party rarely objects to the dismissal of a claim against it. But it happens. *See, e.g., Chavez v. Illinois State Police*, 251 F.3d 612, 655-56 (7th Cir. 2001).[1] This is one of those rare occasions. Context explains these unusual circumstances. Not surprisingly, like most bizarre legal circumstances, this situation is caused because each side is attempting to obtain a procedural litigation advantage. This Court is confident that its analysis and decision is correct. But this Court also recognizes that this opinion proves two old adages: (1) bad facts make bad law; and (2) judges who like all their decisions are likely bad judges.

Having belabored the introduction for too long, here is the context. Currently raging in this case is an ESI food fight of Hollywood proportions. The donnybrook stems from the loss of ESI relating to the defendants' seemingly relevant emails and instant messages. Initially, the ESI was apparently limited to defendants' defamation counterclaim, which was Count VIII. During the ESI melee, by this Motion, defendants sought to eliminate Count VIII. Although unstated, to even the most casual observer, the reason for this move was obvious: If Count VIII were eliminated, then the ESI fracas would be moot. No harm; no foul. *Snider v. Danfoss, LLC*, No. 15 CV 4748, 2017 U.S. Dist. LEXIS 107591, at *1 (N.D. Ill. July 12, 2017). Also unstated is plaintiffs' desire to use defendants' ESI blunder to the fullest advantage because of the claimed prejudice inured by the ESI loss. Accordingly, plaintiffs promise to file a brief longer than a CVS receipt to address the ESI issues. Plaintiffs portend that their 75-page brief will raise nearly every conceivable basis for sanctions, including, but not limited to, 28 U.S.C. Section 1927, Rule 26(g), multiple provisions of Rule 37, and Rule 56(h), seeking a plethora of sanctions, including, but not limited to, adverse instructions, attorneys' fees and default judgment/dismissal. And

---

[1] In the interest of full disclosure, the undersigned raised the objection in *Chavez*.

plaintiffs cannot obtain these sanctions if Count VIII is eliminated (at least if the ESI were only relevant to Count VIII). Therefore, plaintiffs object, despite the seeming benefit of having a claim against them eliminated.[2] So here we are.

## PROCEDURAL BACKGROUND

DR Distributors, LLC filed this action on September 7, 2012, alleging trademark violations against defendants 21 Century Smoking, Inc and Brent Duke. Since that time, over approximately the past six years,[3] the parties have engaged in a plethora of discovery disputes and pleadings practice. Most relevant to this Motion are the following.

On October 3, 2012, the defendants filed an answer and counterclaim alleging a variety of causes of action. Dkt. 8.

On November 14, 2012, Magistrate Judge Mahoney entered a case management order and made the deadline to file amended pleadings May 1, 2013. Dkt. 16. Plaintiff filed a motion to amend its complaint and defendants filed a motion to amend their counterclaim on May 1, 2013, the date such amendments were due. Dkts. 29, 30, 32. Magistrate Judge Mahoney granted these motions. Dkt. 33.[4] The parties filed answers, the Court ruled on motions for partial summary judgment, see Dkts. 35–38, 41–44, 49–71, Judge Mahoney retired (and began living the Life of Riley), and the case transferred to the undersigned. Dkt. 75.

The parties then joined in an initial status conference before the undersigned on May 15, 2014. Dkt. 78. Later, on June 16, 2014, Judge Kapala entered an order granting in part and denying in part defendants' motion for summary judgment. Dkt. 80. After a failed attempt at settlement (Dkt. 84) the parties submitted and the Court adopted a new case management order on September 5, 2014. The amended pleadings deadline was set as January 15, 2015. Dkts. 85, 86. Defendants moved for leave to file their Second Amended Counterclaim and leave was

---

[2] Although an admittedly imperfect analogy, think about when a football team takes points off the board. The offensive team attempts and makes a field goal. But the defensive team is offsides, for example. So, a penalty flag is thrown. Rather take the three points, the offensive team takes the penalty and ensuing yardage in the hopes of scoring a touchdown. *See* Bill Barnwell, *Unwritten Rules of Football that Need To Go,* ESPN (Oct. 27, 2016), http://www.espn.com/nfl/story/_/id/17899388/actually-take-points-throwing-football-unwritten-rules-nfl-2016.

[3] To put the time this case has been pending in perspective, in 2012, London hosted the Summer Olympic Games, complete with its bizarre and incomprehensible opening ceremony. (Seriously, what was that?) And since the filing of the complaint, Magistrate Judge P. Michael Mahoney has retired, Judge Frederick Kapala has announced that he will take senior status shortly, and one counsel to this case dropped his daughter off at college as a freshman and has since picked her up as a graduate. Save one or two cases that have boomeranged back here by way of a Seventh Circuit remand, this case is the oldest rat in the barn.

[4] The amended counterclaim added claims against CB Distributors, Inc. and Carlos Bengoa. For clarity, the Court will refer to DR Distributors, LLC, CB Distributors, Inc., and Carlos Bengoa as "plaintiffs;" and 21 Century Smoking, Inc. and Brent Duke as "defendants."

eventually granted. Dkt. 89. Defendants filed the Second Amended Counterclaim on November 22, 2014, which included a defamation *per se* claim in Count VIII. Dkt. 99.

Later, on February 11, 2015, the Court granted defendants' request to extend the amended pleadings deadline to February 16, 2015. Dkt. 109. But no party sought to amend a pleading during that extension. *See* Dkts. 109–10.

On September 18, 2015, seven months after the extended deadline for amended pleadings, plaintiffs filed a motion for leave to amend their answer to the counterclaim to add the affirmative defense of "invited defamation," which the Court denied. *See* Dkts. 146, 154. In that order, the Court explained that because a case management order had been entered, the motion to amend must be initially analyzed under Fed. R. Civ. P. 16. *See Id*. at 5. The Court further found that the plaintiffs had not shown "good cause" for amending a case management order pursuant to Fed. R. Civ. P. 16(b)(4). *Id.* at 6–7.

On August 18, 2016, almost two and a half years after the amended pleading deadline, defendants sought leave to file a third amended counterclaim. The Court denied that motion for reasons similar to why it denied plaintiffs' motion to amend their answer to the counterclaim. The amended pleading deadline of February 16, 2015 had passed, Fed. R. Civ. P. 16(b)(4) therefore applied, and defendants failed to show good cause to justify extending the amended pleading deadline. *See* Dkt. 207 at 3–5.

Then on October 15, 2018—three years and eight months after the expiration of the amended pleading deadline—defendants moved for leave to amend their counterclaim under Fed. R. Civ. P. 15 to remove Count VIII, "defamation *per se*." Plaintiff vigorously objects to the Motion, even though, if granted, a counterclaim against it would be extinguished. The Court now addresses this hotly contested motion.

## **ANALYSIS**

**I. Again, Rule 16 Applies, Not Rule 15.**

In their Motion and reply, defendants dedicate a large portion of their briefs to argue that Rule 15 governs this Motion, and that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); Dkt. 275 at 2; Dkt. 280 at 6. However, when a motion to amend a pleading comes after a case management order is entered, Rule 16(b)(4)'s "good cause" standard must be satisfied *before* a court considers whether Rule 15(a)(2)'s standards are satisfied. *See Bell v. Taylor*, 827 F.3d 699, 705–06 (7th Cir. 2016); *CMFG Life Ins. Co. v. RBS Sec., Inc.*, 799 F.3d 729, 749 (7th Cir. 2015); *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). This Court has noted on multiple occasions that when a party seeks to amend a pleading after the entry of a case management deadline, Rule 16(b)(4) applies. *See, e.g., McCann v. Cullinan*, No. 11 CV 50125, 2015 U.S. Dist. LEXIS 91362 (N.D. Ill. July 14, 2015); *Driveline Systems, LLC v. Arctic Cat, Inc.*, No. 8 CV 50154, 2014 U.S. Dist. LEXIS 164116 (N.D. Ill. Nov. 24, 2014); *United States v. Alacran Contracting, LLC*, No. 10 CV 50067, 2014 U.S. Dist. LEXIS 152443 (N.D. Ill. Oct. 27, 2014); *Dagens v. Wonder Lake*, No. 13 CV 50216, 2014 U.S. Dist. LEXIS 136702 (N.D. Ill. Sept. 29, 2014); *see also* Dkt. 154 at 5.

In fact, the Court also addressed this issue twice before in this case: once almost three years ago on October 30, 2015, and again over a year ago on October 2, 2017. *See* Dkt. 154 (applying Rule 16(b)(4)'s good cause standard to plaintiff's motion for leave to amend their complaint); Dkt. 207 (applying 16(b)(4)'s good cause standard to defendants' motion for leave to amend their counterclaim). By now counsel should be well-versed in the standard required to amend pleadings at this late stage of the litigation. Further, as explicitly stated in this Court's order on October 2, 2017, the Court applies the "goose-and-gander" rule to remain consistent with its own decisions. Dkt. 207 at 3; *DR Distributors, LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2015 U.S. Dist. LEXIS 167343, at *23 (N.D. Ill. Dec. 15, 2016). The Court has applied the "good cause" standard to motions seeking to amend the scheduling order twice before in this case and the parties have identified no reason for abandoning this approach.[5]

Undeterred, defendants further argue that Rule 16 cannot logically apply here because, if the Motion were granted, a claim would be dismissed and not added, distinguishing it from the usual case where a party seeks leave to amend to add claims; thus, the lesser burden of Rule 15 should apply. *See* Dkt. 280 at 6–7. However, this argument fails for two reasons. First, it ignores the plain language of Rule 16(b)(4), which predicates *any* case schedule modification upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). The rule does not distinguish between modifications to allow amendments that would add claims versus those that would dismiss claims; the standard in Rule 16 applies to any amendment of the case management order. Second, whatever logic there may be in reducing the burden when a movant seeks to amend to dismiss individual claims is overshadowed by the overarching logic of Rule 16 itself, which is

---

[5] Defendants' citation to and discussion of *Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015) in support of adopting a Rule 15 standard here is similarly unpersuasive. In *Taylor*, a *pro se* plaintiff, directed by the district court, attempted to sever one of his claims using Fed. R. Civ. P. 41(a), an improper procedural method. 787 F.3d at 857–59 (explaining that Rule 41 is used to dismiss "an action" rather than individual claims). The Seventh Circuit construed the Rule 41 motions as one under Rule 15(a)(2) and concluded the plaintiff should have been given an opportunity to amend under that rule. Critically, in *Taylor*, the Seventh Circuit found that the plaintiff's attempt to amend came *before* entry of a case management order. *Compare Taylor*, 787 F.3d at 857-60 (plaintiff's motion to dismiss found filed on July 11, 2011) *with Taylor v. Gale, et al.*, No. 11 CV 00104 JPG PMF at Dkt. 39 (S.D. Ill. Feb. 7, 2011) ("scheduling and discovery order" entered August 3, 2011). Here, Rule 16 applies because the attempt to amend comes *after* entry of a case management order. *See Bell*, 827 F.3d at 705–26; *CMFG*, 799 F.3d at 749; *Alioto*, 651 F.3d at 719

Relatedly, because the motion to amend came before the case management order in *Taylor*, the Seventh Circuit never addressed whether Rule 15 applies when a party seeks to amend to dismiss a claim after the entry of a case management order. *See Taylor*, 787 F.3d at 857–58. The issue never presented itself and therefore defendants' citation as binding precedent here for such a proposition misses the mark. As aptly put by the Supreme Court nearly a century ago, "[q]uestions . . . neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v. Fall*, 266 U.S. 507, 511 (1925); *see also United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952).

designed to ensure that "at some point both the parties and the pleadings will be fixed." Rule 16 advisory committee's note to 1983 amendment; *see also Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) (stating that district courts are aided by adherence to deadlines). The point at which pleadings are fixed generally comes after the amended pleadings deadline set in the case management order passes, absent good cause to justify extending that deadline. Otherwise, parties could litigate any claims through discovery, imposing substantial costs on all sides and the judicial system, only to dismiss them later with little justification and consequence.

The amended pleading deadline passed on February 16, 2015; defendants filed this Motion on October 15, 2018. Dkts. 109, 275. The proposed amended pleading, whether it adds or removes claims, is necessarily predicated on modifying the amended pleading deadline in the case management order set by the Court. Therefore, although defendants seek to ultimately dismiss a claim by amending its counterclaim, the Motion has come long after the deadline for amended pleadings has passed, is predicated on asking the Court to modify the amended pleading deadline and requires a showing of good cause pursuant to Rule 16(b)(4) to warrant such relief.

**II. Defendants Have Failed to Show Diligence.**

"In making a Rule 16(b) good-cause determination, the primary consideration for the district courts is the diligence of the party seeking amendment." *Alioto*, 651 F.3d at 720 (citing *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). "Lack of undue prejudice or surprise to the nonmoving party is insufficient to establish good cause under Rule 16(b)." *Downing v. Abbot Labs.*, No. 15 CV 05921, 2017 U.S. Dist. LEXIS 168252, at *10 (N.D. Ill. Oct. 11, 2017).

Defendants argue that, although their defamation *per se* claim is still viable, they nonetheless feel that at this late stage of litigation it would be wise to streamline the issues before the Court and for trial, despite having litigated the claim for approximately the past four years. Dkt. 280 at 3, 8–9.[6]

This argument rings hollow as defendants' efforts seeking this amendment cannot be described as diligent. The Second Amended Counterclaim, which included the *per se* defamation claim in Count VIII, was filed November 22, 2014. Dkt. 99. Defendants requested and were granted an extension to file amended pleadings a few months later on February 11, 2015, but they did not file amended pleadings during that extended timeframe. Dkts. 109–10. Since then, though defendants sought to extend the amended pleading deadline once more in August 2016, they never mentioned the possibility of or desire to streamline the issues before the Court by removing this claim. *See* Dkt. 202 (motion for leave to file third amended counterclaim which included Count VIII as a cause of action). Instead, over the past four years since it was filed, the parties conducted discovery and engaged in discovery disputes relating to Count VIII.

---

[6] Citing cases related to amending under Rule 15, defendants also argue that removing the *per se* defamation claim at this point will not cause plaintiffs to suffer any delay or prejudice. Dkt. 280 at 8–9. Despite any merit this argument may have, diligence, not delay and prejudice to the nonmovant, is the primary consideration under a Rule 16 analysis. *Alioto*, 651 F.3d at 720.

5

These discovery disputes are ongoing. *See, e.g.*, Dkt. 256 (transcript of May 17, 2018 status hearing describing production issues related to the defamation claim); Dkt. 288 (status report filed by defendants on January 23, 2019 regarding related production issues). This Motion, brought almost four years after the expiration of the amended pleading deadline, represents the first time that defendants have sought to dismiss Count VIII. These facts would lead a reasonable person to conclude that the real, but unstated, reason to eliminate Count VIII is to avoid the ESI maelstrom on the horizon.

Indeed, defendants continue to argue in their reply brief supporting the Motion that Count VIII is wholly actionable despite simultaneously seeking to remove the claim. Dkt. 280 at 3–5, 11. Suffice it to say that never mentioning the possibility of removing or desire to remove Count VIII since it was filed over four years ago, engaging in discovery and discovery disputes regarding that claim, waiting almost four years after the amended deadline has passed to ask to extend the pleading deadline to remove that claim, while simultaneously arguing that the claim is nonetheless viable, does not evince defendants' diligence in seeking this amendment. *See, e.g.*, *Downing*, 2017 U.S. Dist. LEXIS 168252, at *11–16 (denying motion to file amended complaint under Rule 16 made one year after the expiration of the amended pleading deadline); *Dagens v. Village of Wonder Lake*, No. 13 CV 50216, 2014 U.S. Dist. LEXIS 136702, at *4–7 (N.D. Ill. Sept. 29, 2014) (affirming report and recommendation to deny motion to amend the pleadings under Rule 16 made three months after the expiration of the amended pleading deadline). Therefore, defendants have failed to show good cause warranting a change in the amended pleading deadline.

Finally, defendants state in the last line of their reply brief in support of their Motion that "[i]n the event that the instant motion is denied, [defendants] stand[] ready to proceed to trial on [their] defamation claim." Dkt. 280 at 11. Likewise, during a status hearing held on January 29, 2019, defendants represented to the Court that they intend to vigorously pursue the counterclaim.[7] Because defendants have not shown good cause to amend the pleading schedule

---

[7] This posture and these representations foreclose the only escape hatch available to defendants; namely, Federal Rule of Civil Procedure 41(b). Unlike Rule 41(a), which only allows for the dismissal of "actions," Rule 41(b) allows for the dismissal of not only "actions," but also of "claims." *Taylor*, 787 F.3d at 857 n. 7; *compare* Fed. R. Civ. P. 41(a) (referencing only actions) *with* Fed. R. Civ. P. 41(b) (referencing actions and claims). Had defendants stated that they intended not to pursue the defamation counterclaim, this Court would have likely entered a report and recommendation that the defamation counterclaim be dismissed for want of prosecution pursuant to Rule 41(b). *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) ("A district court has the authority under Federal Rule of Civil Procedure 41(b) to enter a *sua sponte* order of dismissal for lack of prosecution.").

The Court recognizes that the Seventh Circuit recently stated that a dismissal for want of prosecution by way of Rule 41(b) could only be brought by a defense motion and not *sua sponte* by a district court. *Mojapelo v. AMTRAK*, No. 18 CV 1677, 2019 U.S. App. LEXIS 1279, at *5 (7th Cir. Jan. 15, 2019). But *Mojapelo* does not cite prior Seventh Circuit case law finding that district courts are authorized to *sua sponte* dismiss actions and claims pursuant to Rule 41(b), including *James*. Moreover, *Mojapelo* cites to *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)

and are by their own account ready to proceed as to Count VIII, the instant Motion to amend is denied and Count VIII will not be dismissed at this time.

## **CONCLUSION**

Defendants have failed to show good cause pursuant to Rule 16 to amend the case management order; therefore, their Motion is denied. The issues related to possible sanctions raised in plaintiffs' response will be addressed in the separate round of briefing.

Entered: February 12, 2019            By:_____
Iain D. Johnston
U.S. Magistrate Judge

---

to find that district courts nevertheless have inherent authority to dismiss claims and actions for want of prosecution. But *Link* specifically rejects the proposition that district courts cannot *sua sponte* use Rule 41(b) to dismiss claims and actions. *Link*, 370 U.S. at 630-31. Under the circumstances present, other than to note that it could have also used its inherent authority, this Court need not wade any further into the waters now muddied by *Mojapelo*. A wiser and higher court can resolve this conflict.