## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| DR DISTRIBUTORS, LLC, and CB DISTRIBUTORS, INC. | ) ) ) | |
| Plaintiffs/Counterclaimant, | ) ) ) | |
| v. | ) ) | |
| 21 CENTURY SMOKING, INC., and BRENT DUKE, | ) ) ) | Case No. 3:12-cv-50324 |
| | ) | Judge Iain D. Johnston |
| Defendant/Counterclaim Defendant | ) ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| 21 CENTURY SMOKING, INC., | ) ) | |
| Counterclaimant, | ) ) ) | |
| v. | ) ) | |
| DR DISTRIBUTORS, LLC, CB DISTRIBUTORS, INC. and CARLOS BENGOA, | ) ) ) ) | |
| Counterclaim Defendants. | ) ) ) | |

## MOTION FOR INSTRUCTIONS

Former Defense Counsel, Peter Stamatis, by and through his attorneys, WilliamsMcCarthy LLP, requests the Court consider entering an Order pursuant to Local Rule 54.3, requiring that the parties follow and comply with the guidelines set out in Local Rule 54.3, or as the Court may deem fit to modify. In support of its Motion, Movant states as follows:

1.      The last thing that undersigned counsel wants to do is burden this Court with yet another motion in this prolonged litigation which is approaching 450 docket entries. However, counsel believes that in addressing Plaintiff's fee petition, which the Court has ordered be filed by February 22, 2021, with Defendants and former defense counsel's response due by March 22,

1

2021, that Local Rule 54.3 provides an excellent road map to hopefully streamline the issues, and cut-down on the time and effort that the Court will have to devote in addressing the fee petition, by requiring the parties to file a joint statement after engaging in a pre-motion conference.

2.      Prior to filing the subject matter Motion, the undersigned counsel attempted to initiate a meet and confer with Plaintiff's counsel[1] to see whether even in the absence of a Court Order directing the parties utilize the framework outlined in Local Rule 54.3, there might be an agreement to voluntarily comply with those provisions. As to the filing of this Motion, Plaintiff's counsel has not yet had an opportunity to respond, necessitating the request being made herein by former defense counsel Stamatis[2].

3.      In reviewing the provisions of Local Rule 54.3, counsel notes that after the definition section, the rule states in part:

> Unless otherwise ordered by the Court, this rule does not apply to motions for sanctions under Fed.R.Civ.P. 11 or other sanction provisions.

4.      While this Court has clearly indicated that it will not impose sanctions under Rule 11 (Memorandum Opinion and Order, Dkt. #432-2 at pg. 118), the Court does intend to enter sanctions under Rules 26(g), 37(a), (d), and (c). Accordingly, based on counsel's reading of Local Rule 54.3, those provisions would not apply to the issue presented herein absent an order of the Court.

5.      While undersigned counsel is well aware that the Court could have, on its own initiative, directed the parties to comply with Local Rule 54.3, and in not doing so, a reasonable inference can be made that the Court did not expect nor anticipate the parties to

---

[1] Counsel left two voice mail messages with Plaintiff's counsel, one at counsel's office and none on counsel's cell phone. Counsel also sent an email to Plaintiff's counsel, a copy of which is attached as Exhibit A.
[2] Counsel for Defendants and former defense counsel Leavens have agreed to utilize LR 54.3.

follow Local Rule 54.3, however, for the reasons stated herein, undersigned counsel believes that Local Rule 54.3 may prove helpful, and respectfully requests that the Court consider entering an Order directing the parties to use Local Rule 54.3, or in some modified form as the Court deems just.

8.     On behalf of former defense counsel Peter Stamatis, I thank the Court for its consideration.

Date: February 11, 2021                      Respectfully submitted,

By:   /s/ *John J. Holevas*

        John J. Holevas, on behalf of Former
        Defense Counsel, Peter Stamatis

John J. Holevas
WilliamsMcCarthy LLP
120 W. State Street
P.O. Box 219
Rockford, IL 61105-0219
jholevas@wilmac.com

3

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing

has been served on February 11, 2021 via the Court's CM/ECF system on all counsel of record

who have consented to electronic service.


BY:/s/ *John J. Holevas*
John J. Holevas


John J. Holevas
WilliamsMcCarthy LLP
120 W. State Street
P.O. Box 219
Rockford, IL 61105-0219
jholevas@wilmac.com

## John Holevas

| | |
|---|---|
| **From:** | John Holevas |
| **Sent:** | Tuesday, February 9, 2021 3:14 PM |
| **To:** | Anthony J Davis (ADavis@ndslaw.com) |
| **Cc:** | Robert von Ohlen; Kevin Salam; Colin Smith |
| **Subject:** | FW: DR Distributors v. 21 Century |

Dear Tony,

I hope this email finds you and your family in good health during these difficult times. I attempted to contact you earlier this afternoon both at your office and on your cell phone, but unfortunately was not able to speak with you directly.

As I mentioned in the messages which I left you, the purpose of my call was to discuss with you what supporting documentation you anticipated filing with your fee petition in accordance with Judge Johnston's Memorandum and Opinion of January 19, 2021. As I mentioned, Local Rule 54.3 provides what I believe to be a helpful roadmap as to how the court's, at least here in the Northern District of Illinois, looks at fee petitions.

While I appreciate that the rule carves out its applicability for motions for sanctions under Rule 11 or other sanction provisions unless otherwise ordered by the court, I trust that Judge Johnston might appreciate if the parties were able to work cooperatively and streamline points of dispute concerning the fee petition. I have had an opportunity to speak with Attorney Salem and Attorney Smith and both are in agreement to abide by the guidelines articulated in Local Rule 54.3 without the necessity of a formal court order directing the parties to do so.

Please let me know whether you would be in agreement to proceed under the guidelines identified in Local Rule 54.3. If for whatever reason you are unable to enter into such an agreement, I may file a motion with the court asking for an order directing the parties to comply with Local Rule 54.3. At a minimum, I wanted to be able to represent in any pleading that may be filed that I did engage in a meet and confer with you but we were unable to reach an accord.

I would appreciate your thoughts as soon as possible so that I may know whether I need to go forward with seeking court assistance.

Best regards,

John



1

WilliamsMcCarthy LLP
jholevas@wilmac.com
120 West State Street
Rockford, Il 61007
815-987-8900