UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DR DISTRIBUTORS, LLC, and CB DISTRIBUTORS, INC., | ) ) ) |
| Plaintiffs/Counterclaimant, | ) ) ) |
| v. | ) ) |
| 21 CENTURY SMOKING, INC., and BRENT DUKE, | ) ) ) ) |
| Defendant/Counterclaim Defendant | ) ) ) |
| 21 CENTURY SMOKING, INC., | ) ) |
| Counterclaimant, | ) ) ) |
| v. | ) ) |
| DR DISTRIBUTORS, LLC, CB DISTRIBUTORS, INC. and CARLOS BENGOA, | ) ) ) ) ) |
| Counterclaim Defendants. | ) |

No. 12 CV 50324

ORDER

"But let's not overdo a fee petition. We don't need to do that." Dkt. 452, at 41.

Within the confines of Rule 11, ethical rules, and the warning contained in this order, Defendants and the former defense counsel are free to argue whatever they think is relevant and persuasive in response to Plaintiffs' Motion for an Attorneys' Fees and Costs Award Pursuant to Court Order Granting Plaintiffs' Motion for Sanctions [DKT.439] ("Fee Petition"). Dkt. 450. But they really should focus on the request for reimbursement for fees and costs paid by Plaintiffs in the amount of $2,417,552.21. The Court is not telling Defendants and the former defense counsel how to litigate their case, but the Court is exceedingly unlikely—bordering on never ever, in the words of All Saints—to award more money than Plaintiffs paid their counsel.

1

STATEMENT

On January 19, 2021, the Court granted Plaintiffs' motion for sanction. Dkt. 439. In doing so, the Court allowed for the recovery of attorneys' fees and costs for work done relating to specific itemized tasks. Dkt. 439, at 8-10. The Court's order and rationale was clear: It was compensating Plaintiffs for attorneys' fees and costs incurred in working on various motions and conducting various activities. Again, it was compensating Plaintiffs for attorneys' fees expended on these activities. To remove all doubt, the Court says it again: It was compensating Plaintiffs for attorneys' fees and costs expended. That means making Plaintiffs whole. Here's just a sampling where one can find this point in the order.

"In the exercise of its discretion—to the extent certain rules allow for discretion—the Court imposes the following sanctions to cure the harm Defendants and the former defense counsel have inflicted on Plaintiff."
Dkt. 439, at 8.

"These sanctions are designed to make Plaintiff whole for the injury Defendants and the former defense counsel caused and are proportionally tailored to Defendants' and the former defense counsel's actions and inactions."
Dkt.439, at 11.

"The sanctions imposed are tailored to Defendants' and the former defense counsel's misconduct, while remedying the prejudice inflicted upon Plaintiff."
Dkt. 439, at 13.

"These sanctions are tailored to the severity of Defendants' and Leavens' conduct and to remedy the prejudice Plaintiff has suffered."
Dkt. 439-3, at 2.

"These sanctions include reimbursement of attorneys' fees and evidentiary sanctions, so Defendants will not profit from their violations."
Dkt. 439-3, at 31.

Plaintiffs' apparent understanding of the Court's order, dkt. 452, at 40-1, was dead wrong. The sanctions were not a windfall or designed to retroactively modify the contractual arrangement between Plaintiffs and their counsel.

Plaintiffs' Fee Petition clearly and specifically states that it paid its counsel $2,417,552.21 for attorneys' fees and costs identified as being recoverable in the Court's January 19, 2021, Order. Dkt. 450, at 26. But Plaintiffs seek an additional $312,028.40 for "discounts, credits and travel time not charged to Plaintiffs" as well as another kicker based upon a lodestar, so that the ultimate payment would be

2

$3,991,138.77. Dkt. 450, at 7. That's more than $1.5 million Plaintiffs paid in attorneys' fees and costs. There's simply no basis for that request in this Court's January 19, 2021, order. There's nothing reasonable about trying to get fees and costs that a court has not authorized. As Judge Karen Stevenson explained this month in *Litigation News*, "Want to Recover Attorney Fees under Rule 37? Be Reasonable!"

The Court tried to prevent this type of litigation even before the Fee Petition was filed. First, in a February 11, 2021, order, the Court stated, "[A] party can obtain fees for chasing fees only for hours reasonably incurred. . . This counsels Plaintiffs' attorneys to be reasonable, too." Dkt. 447, at 2. Second, when Plaintiffs said that they needed to file a 25-page memorandum, the Court stated, "[L]et's not overdo a fee petition. We don't need to do that." Dkt. 452, at 41.

Perhaps counsel believe there is no harm in making unreasonable or frivolous motions. But there is harm, in at least two ways. First, these types of filings unnecessarily expend resources, both time and money. Second, counsel lose credibility with the Court—a lot of credibility.

This is the final warning. The Court's patience is exhausted. The frivolous and unreasonable filings must end. *See, e.g.*, Dkts. 384, 440, 450. Sanctions made payable to the Court will be imposed going forward.

Entered: February 24, 2021.                    By:_____
                                                Iain D. Johnston
                                                U.S. Judge