# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

DR DISTRIBUTORS, LLC,

                    Plaintiff-Counter-Defendant,

v.

21 CENTURY SMOKING, INC., and BRENT DUKE,

                    Defendants-Counterclaimant,

v.

CB DISTRIBUTORS, INC., and CARLOS BENGOA,

              Counter-Defendants/Counterclaimants.

**Case Number:** 3:12 – cv – 50324

**District Judge:** Iain D. Johnston

**Magistrate Judge:** Margaret J. Schneider

## PLAINTIFFS' STATUS REPORT AND MOTION TO ORDER IMMEDIATE PAYMENT OF MONETARY SANCTIONS AND FOR OTHER MISCELLANEOUS RELIEF

Plaintiff DR Distributors, LLC, and Counter-Defendants/Counterclaimants CB Distributors, Inc. and Carlos Bengoa (collectively "Plaintiffs"), by and through their counsel, respectfully provide this Court with a Status Report on various issues related to this matter and contemporaneously request that this Court order that the $2,526,744.46 monetary sanction be paid immediately by Defendants, Brent Duke and 21 Century Smoking, Inc., and FDC Leavens and Stamatis (the "Sanctioned Parties") given developments in the Leavens' Bankruptcy Proceeding and for other good cause.

### A.    Forthcoming Distributions from Leavens' Bankruptcy Estate Compel Plaintiffs to Seek An Order That the Monetary Sanctions Be Paid Now

Over one year ago, this Court entered the Monetary Sanctions Order in favor of Plaintiffs and against the Sanctioned Parties. [Dkt. 541]. The Plaintiffs have received nothing monetarily on

a Sanctions process that started over five years ago. On January 5, 2023, Plaintiffs submitted their Position Statement [Dkt. 563] urging the Court to order the Sanctioned Parties to immediately pay the respective amounts provided for in the Monetary Sanctions Order. Without such an Order, Plaintiffs have been unable to take any action to exercise creditors' rights or remedies to collect on or enforce the Monetary Sanctions Order.

As the Court will recall, the progress of this matter was interrupted by the Leavens Bankruptcy filing on October 29, 2021 and the automatic stay associated with same. Subsequently, the stay as to this matter was lifted on April 5, 2022. We have been advised that the Bankruptcy Trustee in the Leavens Bankruptcy has nearly completed his duties, marshalled assets on behalf of creditors and is preparing his final report and recommendations to the Bankruptcy Court this month (December 2023). Upon approval by the Bankruptcy Court, this will result in a distribution to creditors (after Trustee related expenses) to DR, Brent Duke/21CS and Kevin Salam on an attorney's lien. We understand that the total amount of funds in the Leavens Bankruptcy Estate, before expenses and distributions, is approximately $300,000.

When distributions are made, Duke/21CS and Kevin Salam will be paid out of the Estate based on their claims which have been approved by the Bankruptcy Court. Unless this Court orders the Monetary Sanction be paid now and before the Trustee's Report is finalized and distributions made, Plaintiffs will be further prejudiced by being unable to assert their right to attach these distributions. As the Court may recall, upon questioning by the Court at the first Sanctions Hearing in November 2019, Brent Duke testified that he would be unable to fund a potential sanctions award of $750,000 [Dkt. 360, 11/7/19 Tr. at pp. 711-712], much less the $1,263,372.23 Sanction the Court ultimately imposed upon Duke/21CS. [Dkt. 541]. If this Court does not act now to order payment, Duke/21CS will shortly receive substantial distributions which will be subject to

dissipation without such an order. This Court stated during the Evidentiary Hearing on the First Motion for Sanctions that it was concerned about a pyrrhic victory in which the sanctioned parties might escape the financial consequences of their behavior. [Dkt. 360, 11/7/19 Tr. at p. 712] Granting this motion is a step in preventing such an unjust outcome.

The claims register in the Leavens' Bankruptcy Estate includes all filed Proofs of Claim and those not objected to by the Trustee which are *prima facie* valid and will be allowed for distribution purposes. Allowed claims include those of Plaintiffs in the amount of $1,020,000.00 which is Leavens' share of the Monetary Sanctions.

Based on the pleadings and communications with the Trustee's counsel, the Trustee negotiated a liquidated amount for the Brent Duke/21CS legal malpractice claims against Leavens in lieu of proceeding with a formal claims objection as a means to move the case administration expeditiously. An Order was entered by the Bankruptcy Court for the N.D. of Illinois on August 1, 2023 fixing and allowing their two claims (Duke and 21CS separately) in the amounts of $625,000.00 each, for a total of $1,250,000. Ostensibly, this saved the Trustee, the Estate and the Bankruptcy Court from litigating the unliquidated legal malpractice claims that were largely based on speculative damages. We also note that this allowance of the Duke/21CS malpractice claim still allows Duke/21CS to pursue Leavens through his applicable legal malpractice insurance policies. A copy of the August 1, 2023 Bankruptcy Court Order is attached hereto as **Exhibit 1**.

Plaintiffs also note that Kevin Salam (Duke and 21CS's current counsel) filed a petition to adjudicate an attorney's lien for contingency legal fees in order to receive payment from any distribution made to Duke or 21CS from the Leavens Bankruptcy Estate. A copy of Salam's Notice of Petition and Petition to Adjudicate Attorney's Lien Pursuant to 770 ILCS 5/1 filed July 24, 2023 as Docket 60 in the Leavens Bankruptcy is attached hereto as **Exhibit 2**. On August 17, 2023, the

4861-1193-7429, v. 1

Bankruptcy Court entered an Order approving Salam's Petition. The Order provides that Salam will be paid out of the distributions to Duke or 21CS as follows:

**From Duke's Distribution**: Salam shall be paid a contingency legal fee equal to 40% of Duke's distribution; plus $10,000, plus expenses totaling $6,118.91; and

**From 21CS's Distribution**: Salam shall be paid a contingency legal fee equal to 40% of 21CS's distribution; plus $10,000, plus expenses totaling $6,118.91.

A true copy of the Bankruptcy Court's August 17, 2023 Order is attached hereto as **Exhibit 3**.

Without an order requiring the Monetary Sanctions Order be paid now, these distributions will be made to Duke and 21CS with a share being paid to Salam ahead of the debt owed to Plaintiffs under the Monetary Sanctions Order. With an order requiring payment be made now, Plaintiffs will have the immediate ability to enforce their creditors' rights to attach the applicable distributions from the FDC Leavens' Bankruptcy Estate before they are made to Duke and 21CS. This will allow Plaintiffs to partially satisfy the debt owed under the Monetary Sanctions Order. Without such an order, the distributions will be made by the Trustee to Duke and 21CS with a share to Salam and they will evade the Monetary Sanctions Order to the prejudice of Plaintiffs.

Based on all the foregoing, Plaintiffs ask the Court to enter an order requiring the Monetary Sanctions Order be paid now by all the Sanctioned Parties thereby allowing Plaintiffs the opportunity to assert their rights to attach and recover the above distributions before such monies are paid to Duke/21CS and their counsel, and potentially dissipated to the further prejudice of Plaintiffs.

**B.      Plaintiffs' Expert Witness Issues Status Report**

We have been advised that Plaintiffs' monetary damages expert, Leslie M. Solomon, CPA/ABV/CFF, ASA, has retired and must be replaced with a new witness if there are any further

proceedings after a decision on the pending Second Sanctions Motion. Eight years ago, Plaintiffs retained Mr. Solomon to calculate monetary damages incurred by Plaintiffs due to the unlawful use of Plaintiffs' Registered Trademark 21ST CENTURY SMOKE by Defendants in their website metatags from 2011 to 2013. Mr. Solomon authored an Expert Report dated November 23, 2015 and he was deposed on December 16, 2015. Mr. Solomon confirmed that he is fully retired and cannot provide any further expert witness services in this case.

Based on this development, Plaintiffs will need to retain a new expert witness in the event the Court does not issue case terminating sanctions in this matter. In the event such a scenario comes to pass, Plaintiffs will be required to retain and pay a new expert to duplicate the work performed by Mr. Solomon. The new expert will need sufficient time to review: 1) the same documents and pleadings that Mr. Solmon reviewed in order to author his expert report, and 2) the additional relevant documents produced by Defendants after the discovery end date. This new problem/expense is a direct result of the delay caused by Defendants' and FDC's litigation misconduct and the cascade of events that have ensued which continue to cause seemingly never ending layers of prejudice upon Plaintiffs.

Plaintiffs retained two other expert witnesses in this matter approximately eight years ago: Dr. Robert Vigil (on the issue of the parties' alleged market penetration) and Peter Kent (on the issues of Defendants' alleged misuse of Plaintiffs' Registered trademark in the metatags of Defendants' website). Fortunately, we have been advised that Dr. Vigil and Mr. Kent are still available and practicing in their respective fields. Since Vigil and Kent issued their affirmative reports in 2015 and their rebuttal reports in 2016[1] which followed the close of fact discovery in June 2015, the Defendants have produced over 153,000 new documents in this case. Many of these

---

[1] In addition, Mr. Kent issued a supplemental rebuttal report on February 17, 2017.

4861-1193-7429, v. 1

new documents impact the expert opinions proffered by Plaintiffs in this case over seven years ago.

As the Court may recall, in the pending Second Sanctions Motion (See Dkt. 497 filed on September 13, 2021), Plaintiffs detail, *inter alia*, how the Defendants' serial litigation misconduct will impact expert witness do-overs, and it is one of the many reasons Plaintiffs requested case terminating sanctions. However, in the event the Court does not terminate this case, Plaintiffs will need the time for experts Vigil and Kent to review additional voluminous documents and write new or (at the very least) supplemental reports to their Affirmative and Rebuttal Reports in accordance with FRCP 26(a)(2). Specifically, FRCP 26(a)(2)(c) provides that: "These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial."

If, for whatever reason, this case never reaches a disposition on the merits (via case terminating Sanctions, more bankruptcies, etc.), it would lessen the continuing prejudice to the Plaintiffs if they did not have to prematurely and/or unnecessarily incur the expense of: 1) retaining a new expert to replace Mr. Solomon, 2) redoing or supplementing Vigil and Kent expert reports, or 3) identifying and retaining new experts in other disciplines on issues identified in the late produced documents. Consequently, Plaintiffs request that this Court exercise its broad scheduling/administrative powers to provide Plaintiffs with dispensation from the default 90 day before trial requirement contained in Rule 26 above, and enter an order consistent with the "at the times and in the sequence directed by the court" contained in the Rule, such that Plaintiffs do not

4861-1193-7429, v. 1

have to bear the expense[2] of all the new expert witness activity until it is clear that a trial will actually occur in this matter.

## C.     Mr. Leavens Availability as a Witness

Finally, Plaintiffs note that Mr. Leavens suffered a health event in March 2022. His counsel previously provided details of his condition during a conference on August 10, 2022. [Dkt. 529, Tr. at pp. 4-10 and 25-30]. It has now been nearly sixteen months since that time and no update has been received. Last Friday (December 1, 2023), Plaintiffs' counsel contacted Leavens' counsel for an update on his client's availability to be a witness in this case. His counsel did respond that he would look into the issue, but has not provided an update and Plaintiffs are unaware of Leavens' condition or his availability to participate in this case. As stated at the conference held in August 2022 and given the Bankruptcy shielding Leavens from further financial liability, Plaintiffs request that the Court initiate whatever process it deems necessary to adjudicate Plaintiffs' Second Motion for Sanctions (filed on September 13, 2021 at Dkt. 497) regardless of the availability of Mr. Leavens.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that: 1) the Court order that the Monetary Sanctions are immediately due and payable as a Final Judgment such that Plaintiffs may immediately commence appropriate enforcement proceedings, 2) enter a scheduling order that provides Plaintiffs with protection from further prejudice in conjunction with expert witness retention and report updating until such time, if ever, it is necessary, and 3) initiate whatever proceedings the Court deems necessary to adjudicate Plaintiffs' Second Motion for Sanctions.

---

[2] Plaintiffs would ultimately seek to recover from Defendants/FDC these expenses as part of the adjudication of Plaintiffs' Second Motion for Sanctions.

Respectfully submitted,

Dated:  December 5, 2023

Attorneys for Plaintiffs

/s/ *Anthony J. Davis*
Anthony J. Davis
Santomassimo Davis LLP
1 Gatehall Drive, Suite 100
Parsippany, NJ 07054
Phone:    (201) 712-1616
Fax:        (201) 712-9444
adavis@ogcsolutions.com

and

ROBERT C. VON OHLEN
Robert C. von Ohlen & Associates
1340 W. Deerpath Road
Lake Forest, IL 60045
Phone: (888) 376-7475
rvo@vonohlenlaw.com

4861-1193-7429, v. 1



**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   21-12369 |
| THOMAS ROBERT LEAVENS, | ) | |
| | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable Jacqueline P Cox |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER APPROVING STIPULATION RESOLVING CLAIM NO. 3-1 ASSERTED BY 21 CENTURY SMOKING, INC. AND CLAIM NO. 4-1 ASSERTED BY BRENT DUKE PURSUANT TO FED. R. BANKR. P. 9019**

Upon consideration of the motion (the "Motion" and capitalized terms having the meanings ascribed to them in the Motion) of Ira Bodenstein, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estate of Thomas Robert Leavens, for the entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving the Trustee's compromise with 21 Century Smoking, Inc. ("21 Century Smoking") and Brent Duke ("Duke" and together with 21 Century Smoking, the "Claimants"), the terms of which are reflected in the Stipulation Resolving Claim No. 3-1 Asserted by 21 Century Smoking, Inc. and Claim No. 4-1 Asserted by Brent Duke (the "Stipulation"); the relief requested in the Motion appearing to be in the best interests of the Estate and the Debtor's creditors; sufficient notice of the Motion and opportunity for a hearing having been given; and upon due deliberation; it is hereby ORDERED that:

1. The Motion is granted.

2. The Trustee's compromise with Claimants, as reflected in the Stipulation, is approved pursuant to Fed. R. Bankr. P. 9019.

3. Claim No. 3-1, asserted by 21 Century Smoking, Inc., is hereby allowed as a nonpriority general unsecured claim in the amount of $625,000.

4. Claim No. 4-1, asserted by Brent Duke, is hereby allowed as a nonpriority general unsecured claim in the amount of $625,000.

5. The Trustee is authorized to take any and all actions as may be necessary or appropriate to implement the terms and provisions of the Stipulation.

6. Notice of the Motion as provided in the Motion, is adequate, sufficient and satisfies the required notice to be provided of the Motion.

7. The Court shall retain jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of the Stipulation and this Order.

Enter:

*Jacqueline P. Cox*

Honorable Jacqueline Cox

United States Bankruptcy Judge

Dated:  August 01, 2023

**Prepared by:**

Christina M. Sanfelippo
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Tel: (312) 474-4455
csanfelippo@cozen.com

**EXHIBIT 2**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| THOMAS ROBERT LEAVENS, | Case No. 21-12369 |
| Debtor. | Hon. Jacqueline P. Cox |

### NOTICE OF PETITION/MOTION

TO:    See Attached List

**PLEASE TAKE NOTICE** that on **August 1, 2023, at 1:00 p.m.,** I will appear before the **Honorable Jacqueline P. Cox,** or any judge sitting in that judge's place, **either** in courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, **or** electronically as described below, and present **Petition to Adjudicate Attorney's Lien Pursuant to 770 ILCS Section 5/1,** a copy of which is attached.

**Important:  Only parties and their counsel may appear for presentation of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is **161 273 2896** and the passcode is **778135.** The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentation date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentation date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Kevin B. Salam,
Attorney for Creditors, Brent Duke and 21
Century Smoking, Inc.

By:    /s/ Kevin B. Salam
One of their attorneys

Kevin B. Salam
The Law Offices of Kevin Salam
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tel: (312)-606-8730
Email: kevin@salamlaw.com

## CERTIFICATE OF SERVICE

Kevin B. Salam, an attorney, certifies that he caused to be served a true copy of **Petition to Adjudicate Attorney's Lien Pursuant to 770 ILCS Section 5/1** upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means on July 24, 2023.

/s/ Kevin B. Salam

**Mailing Information for Case 21-12369**

**Electronic Mail Notice List**

- **Ira Bodenstein**    iratrustee@cozen.com, IL29@ecfcbis.com
- **Steven B Chaiken**    schaiken@ag-ltd.com, srodela@ag-ltd.com
- **Karen R Goodman**    kgoodman@cranesimon.com, abell-powell@cranesimon.com
- **Karen R Goodman**    kgoodman@cranesimon.com, il24@ecfcbis.com;dkobrynski@cranesimon.com;kgoodman@ecf.axosfs.com;abell-powell@cranesimon.com
- **Allen J Guon**    aguon@cozen.com, allen-guon-6333@ecf.pacerpro.com;cknez@cozen.com
- **Christina Sanfilipo** csanfelippo@cozen.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **Kevin H Morse**    kmorse@clarkhill.com, blambert@clarkhill.com
- **Barbara L. Yong**    blyong@gct.law, mperez@gct.law,myproductionss@gmail.com,rtryzbiak@gct.law,aleon@gct.law;r61390@notify.bestcase.com

**Manual Notice List (Via U.S. Mail)**

Thomas Robert Leavens
1862 Sherman Avenue
Evanston, IL 60201

Brent Duke and 21 Century Smoking
3915 Lake Circle Dr.
Fallbrook, CA 92028

**Manual Notice List (Via email)**
Brent Duke and 21 Century Smoking at brentduke@yahoo.com

**IN THE UNITED STATES BANKRUPTCY COURT
OR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| THOMAS ROBERT LEAVENS, | Case No. 21-12369 |
| | Hon. Jacqueline P. Cox |
| Debtor. | |

## PETITION TO ADJUDICATE ATTORNEY'S LIEN PURSUANT TO 770 ILCS 5/1

Now comes Kevin B. Salam on behalf of Petitioner, the law firm of Kevin B. Salam PC d/b/a the Law Offices of Kevin Salam and respectfully submits this **Petition to Adjudicate Attorney's Lien Pursuant to 770 ILCS Section 5/1** ("Attorneys Lien Act"). The Petition seeks a hearing upon not less than 5-days' notice for a determination of the enforceability and amount of an attorneys lien in favor Kevin B. Salam PC, d/b/a the Law Offices of Kevin Salam against amounts recovered or to be recovered by the creditors, Brent Duke and 21 Century Smoking, Inc. on their respective claims against the debtor based on alleged legal malpractice. In support thereof, Petitioner states as follows:

1. In or about July 2019, Petitioner was retained by Brent Duke and 21 Century Smoking, Inc. ("Creditors") to represent them in their malpractice claims ("Malpractice Claims") against their former defense counsel, the debtor herein.

2. The current written agreement ("Retainer Agreement") between Creditors and Petitioner for said representation provides "(1) Attorney [Kevin B. Salam, PC] shall be paid a contingent fee of 40%, plus costs (currently $10,500), plus $20,000 from any recovery on Client's claims in the Leavens' Bankruptcy, whether by settlement, trial, appeal or otherwise."

3. Creditors, Brent Duke and 21 Century Smoking, Inc. have reached a

settlement with the Trustee on their respective claims (Claim 4-1 and Claim 3-1) timely

filed herein and the Trustee has noticed before this court his motion for approval under

Fed. R. Bankr. P. 9019, for August 1, 2023 at 1:00pm. (Dkt. 57).

4.     770 ILCS Section 5/1 ("Attorneys Lien Act") provides in relevant part:

Attorneys at law shall have a lien upon all claims, demands and causes of

action, including all claims for unliquidated damages, which may be placed

in their hands by their clients for suit or collection, or upon which suit or

action has been instituted, for the amount of any fee which may have been

agreed upon by and between such attorneys and their clients, or, in the

absence of such agreement, for a reasonable fee, for the services of such

suits, claims, demands or causes of action, plus costs and expense. .......

To enforce such lien, such attorneys shall serve notice in writing,

which service may be made by registered or certified mail, upon the party

against whom their clients may have such suits, claims or causes of action,

claiming such lien and stating therein the interest they have in such suits,

claims, demands or causes of action. Such lien shall attach to any verdict,

judgment or order entered and to any money or property which may be

recovered, on account of such suits, claims, demands or causes of action,

from and after the time of service of the notice. On petition filed by such

attorneys or their clients any court of competent jurisdiction shall, on not

less than 5 days' notice to the adverse party, adjudicate the rights of the

parties and enforce the lien.

5.     As required by the Attorneys Lien Act, Petitioner served its Notice of

2

Attorneys Lien by certified mail upon the "party" against whom Creditors had the malpractice claim, the debtor, Thomas Robert Leavens. Attached as **Group Exhibit A** is a true and correct copy of the Notice of Attorneys Lien dated June 15, 2023 to the Thomas Robert Leavens and the return receipt signed for by Thomas Leavens on June 22, 2015.

6. Although not required by the Attorneys Lien Act, on June 16, 2023, Petitioner sent to the Trustee, Ira Bodenstein, an identical Notice of Attorneys Lien and a copy of the Notice of Attorneys Lien sent to the debtor, Thomas Robert Leavens. The Trustee's counsel, Christina Sanfilipo, confirmed receipt of same in an email dated July 6, 2023. Attached as **Group Exhibit B** are true and correct copies of Christina Sanfilipo's email, the copies of the Notices of Lien and the Certified Mailing Receipt post marked June 16, 2023. While the Trustee's counsel has confirmed receipt by the Trustee of the Notice sent by certified mail, the Petitioner never received the return receipt. Petitioner repeatedly contacted the U.S. Post Office and filed a missing mail request. However, the post office has not been able to find the return receipt.

7.     On or about July 6, 2023, Petitioner emailed a letter to the Trustee dated June 20, 2023 in which Petitioner's clients, the creditors, Brent Duke and 21 Century Smoking, Inc., confirmed for the Trustee that they acknowledged the fee agreement disclosed in the Notice of the Attorneys Lien and consented to payment of the lien amounts indicated therein; specifically, "40% of the distribution on both Brent Duke's Claim 3-1 and 21 Century Smoking, Inc.'s' Claim 4-1, plus $20,000.00 plus $11,470.25 in costs/expenses." A true and correct copy of this letter dated June 20, 2023 from Petitioner to the Trustee is attached hereto as **Exhibit C.**

3

**Wherefore**, Petitioner respectfully request that this Court set a hearing on not less

than 5-days' notice for the purpose of adjudicating Petitioners attorneys lien and a

determination of the amount owed thereon and an order directing that the Trustee pay said

amount to the law firm of Kevin B. Salam, PC from the money to be distributed by Trustee

on Claim 3-1 and Claim 4-1 filed by Brent Duke and 21 Century Smoking, Inc.

Date: <u>July 24, 2023</u>                                          Respectfully submitted,
                                                        Kevin B. Salam,
                                                        Attorney for Brent Duke and
                                                        21 Century Smoking, Inc.


                                                        <u>/s/ Kevin B. Salam</u>


Kevin B. Salam
The Law Offices of Kevin Salam
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tel: (312)-606-8730
Email: kevin@salamlaw.com

4

Original

## NOTICE OF ATTORNEY'S LIEN

Via Certified Mail
Receipt No. 9589 0710 6270 0625 5952 09

To: Thomas Robert Leavens
685 Saddle View Way
Park City, Utah 84060

Cc: Ira Bodenstein, Trustee

You are notified that Brent Duke and 21 Century Smoking, Inc. have previously placed in the hands of Kevin B. Salam, PC, as their attorney, for action or collection, a claim, demand, or cause of action against Thomas Robert Leavens and the Bankruptcy Estate of the Debtor, Thomas Robert Leavens (US Bankruptcy Court for the Northern District of Illinois, Case 21-12369) arising from the alleged professional negligence of attorney Thomas Robert Leavens ("Malpractice Claims") committed by him in representing Brent Duke and 21 Century Smoking in *DR Distributors et al. v. 21 Century Smoking, Inc. et al.*, Case 12-CV 50324, pending in the US District Court for the Northern District of Illinois, Western Division. And Brent Duke and 21 Century Smoking have agreed to pay Kevin B. Salam, PC attorney fees (1) a 40% contingent fee and $20,000, plus expenses and costs incurred to date or to be incurred in the future, including Kevin B. Salam, PC's payment of legal fees and costs on their behalf to their bankruptcy attorney, Beth E. Yong of Golan Christie Taglia LLP. This Notice of Lien shall supersede any prior Notices of Lien.

Date: June 15, 2023
Kevin B. Salam,
Kevin B. Salam, PC d/b/a
The Law Office of Kevin B. Salam
53 W. Jackson Blvd., Suite 1137
Chicago IL, 60604
312-606-8730
kevin@salamlaw.com

Attorney For Brent Duke
and 21 Century Smoking, Inc.

GROUP EXA
P.1

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Thomas Leavens_  ☐ Agent  ☐ Addressee<br>B. Received by (*Printed Name*)   C. Date of Delivery<br>Thomas Leavens   6/22/23 |
| 1. Article Addressed to:<br><br>Thomas Robert Leavens<br>685 Saddle View Way<br>Park City, Utah 84060 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 7573 2098 0944 40 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (*Transfer from service label*)<br>9589 0710 5270 0625 5952 09 | ☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) |
| PS Form 3811, July 2020 PSN 7530-02-000-9053 | Domestic Return Receipt |

GROUP EXA
P. 2

**RE: Voicemail Message from WIRELESS CALLER (3123883510)**

Sanfelippo, Christina <CSanfelippo@cozen.com>
Thu 7/6/2023 11:04 AM
To:SALAM KEVIN <kevin@salamlaw.com>
Cc:Bodenstein, Ira <IBodenstein@cozen.com>

📎  1 attachments (836 KB)
[Untitled].pdf;

Kevin:

As discussed, attached please find a copy of the Notice of Attorney's Lien received by the Trustee.

Please send the executed stipulation.

Thank you.

**Christina Sanfelippo**
**Associate | Cozen O'Connor**
123 North Wacker Drive, Suite 1800 | Chicago, IL 60606
P: 312-474-4455 F: 312-229-0558
Email | Bio | Map | cozen.com

Group Exb
P. 1 of 4.



## NOTICE OF ATTORNEY'S LIEN

Via Certified Mail
Receipt No. 9889076 5270065 5952 16

To: Ira Bodenstein, Trustee
Cozen O'Connor
123 N. Wacker Dr., Suite 1800
Chicago, IL 60606

Cc: Thomas Robert Leavens

You are notified that Brent Duke and 21 Century Smoking, Inc. have previously placed in the hands of Kevin B. Salam, PC, as their attorney, for action or collection, a claim, demand, or cause of action against Thomas Robert Leavens and the Bankruptcy Estate of the Debtor, Thomas Robert Leavens (US Bankruptcy Court for the Northern District of Illinois, Case 21-12369) arising from the alleged professional negligence of attorney Thomas Robert Leavens ("Malpractice Claims") committed by him in representing Brent Duke and 21 Century Smoking in *DR Distributors et al. v. 21 Century Smoking, Inc. et al.*, Case 12-CV 50324, pending in the US District Court for the Northern District of Illinois, Western Division. And Brent Duke and 21 Century Smoking have agreed to pay Kevin B. Salam, PC attorney fees (1) a 40% contingent fee and $20,000, plus expenses and costs incurred to date or to be incurred in the future, including Kevin B. Salam PC's payment of legal fees and costs on their behalf to their bankruptcy attorney, Barb L. Yong of Golan Christie Taglia LLP. This Notice of Lien shall supersede any prior Notices of Lien.

Date: June 15, 2023
Kevin B. Salam,
Kevin B. Salam, PC d/b/a
The Law Office of Kevin B. Salam
53 W. Jackson Blvd., Suite 1137
Chicago IL, 60604
312-606-8730
kevin@salamlaw.com

Attorney for Brent Duke
and 21 Century Smoking, Inc.

### NOTICE OF ATTORNEY'S LIEN

Via Certified Mail
Receipt No.

To: Thomas Robert Leavens
685 Saddle View Way
Park City, Utah 84060

C/o Ira Bodenstein, Trustee

You are notified that Brent Duke and 21 Century Smoking, Inc. have previously placed in the hands of Kevin B. Salam, PC, as their attorney, for action or collection, a claim, demand, or cause of action against Thomas Robert Leavens and the Bankruptcy Estate of the Debtor, Thomas Robert Leavens (US Bankruptcy Court for the Northern District of Illinois, Case 21-12369) arising from the alleged professional negligence of attorney Thomas Robert Leavens ("Malpractice Claims") committed by him in representing Brent Duke and 21 Century Smoking in *DR Distributors et al. v. 21 Century Smoking, Inc. et al.*, Case 12-CV 50324, pending in the US District Court for the Northern District of Illinois, Western Division. And Brent Duke and 21 Century Smoking have agreed to pay Kevin B. Salam, PC attorney fees (1) a 40% contingent fee and $20,000, plus expenses and costs incurred to date or to be incurred in the future, including Kevin B. Salam PC's payment of legal fees and costs on their behalf to their bankruptcy attorney, Barb L. Yong of Golan Christie Taglia LLP. This Notice of Lien shall supersede any prior Notices of Lien.

Date: June 15, 2023
Kevin B. Salam,
Kevin B. Salam, PC d/b/a
The Law Office of Kevin B. Salam
53 W. Jackson Blvd., Suite 1137
Chicago IL, 60604
312-606-8730
kevin@salamlaw.com

Attorney for Brent Duke
and 21 Century Smoking, Inc.

Group EX B
P. 3 of 4



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To
Ira Bodenstein, Tim Nee, Cozen O Connor

Street and Apt. No., or PO Box No.
123 N Wacker #1800

City, State, ZIP+4®
Chicago, IL 60606

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

Group? ExB
P. 4 of 4

THE LAW OFFICES OF

# KEVIN SALAM

June 21, 2023

Via email: ibodenstein@cozen.com
csanfelippo@cozen.com

Ira Bodenstein, Trustee
Christina Sanfellipo
Cozen O'Connor
123 N. Wacker Dr., Suite 1800
Chicago, IL 60606

Re: Estate of the Debtor, Thomas Robert Leavens, Case 21-12369

Dear Mr. Bodenstein:

My clients and I provide this letter as a follow up to the recent updated Certified Notice of Attorney Lien, a copy of which is included herewith. This lien supersedes all prior notice of attorney liens previously sent to you by certified mail.

Pursuant to the updated Notice of Attorney Lien and pursuant to 770 ILCS Section 5/1, please arrange to set aside and pay to my firm 40% of the distribution on both Brent Duke's Claim 3-1 and 21 Century Smoking, Inc.'s' Claim 4-1, plus $20,000.00 plus $11,470.25 in costs/expenses.

My clients have signed this letter as an acknowledgment to their consent to payment of the above lien amounts and as an acknowledgement of their written agreement to the fee and cost/expense arrangements disclosed in the Notice of Attorney Lien and that they have been provided an itemized statement of the above costs.

Sincerely,

Kevin B. Salam

Acknowledgment by:

*Brent Duke*
Brent Duke, individually.                    Date: June 20 , 2023
and as President and sole shareholder
of 21 Century Smoking, Inc.

312.606.8730 • kevin@salamlaw.com • 53 W. Jackson Blvd., Suite 1137 • Chicago, IL 60604

**Exhibit C**

# Please wait...

If this message is not eventually replaced by the proper contents of the document, your PDF viewer may not be able to display this type of document.

You can upgrade to the latest version of Adobe Reader for Windows®, Mac, or Linux® by visiting  http://www.adobe.com/go/reader_download.

For more assistance with Adobe Reader visit  http://www.adobe.com/go/acrreader.

Windows is either a registered trademark or a trademark of Microsoft Corporation in the United States and/or other countries. Mac is a trademark of Apple Inc., registered in the United States and other countries. Linux is the registered trademark of Linus Torvalds in the U.S. and other countries.

# EXHIBIT 3

Form G5 (20210922_bko)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                       )       Case Number: 21-12369
Thomas Robert Leavens                        )
                                             )
                                             )       Chapter:  7
                                             )           Honorable Jacqueline Cox
                                             )
                                             )
            Debtor(s)                        )

**ORDER ADJUDICATING ATTORNEYS LIEN**

This matter coming before the Court for hearing on the Petitioner's Kevin B. Salam PC's Petition to Adjudicate Attorneys Lien pursuant to 770 ILCS Section 5/1 (Dkt. 60), due notice having been given; Ira Bodenstein, Trustee, Kevin B. Salam and Brent Duke appearing by Zoom video conference:

It is hereby Ordered:

The Court finds that Petitioner Kevin B. Salam has established his attorneys lien in the following amounts to be paid to Kevin B. Salam, PC by the Trustee from the distribution on Claim 3-1 of 21 Century Smoking, Inc. and from the distribution of Claim 4-1 of Brent Duke: 40% of the distribution on Claim 3-1 and Claim 4-1; $10,000 each from the distribution on Claim 3-1 and Claim 4-1; and $6,118.91 each from the distribution on Claim 3-1 and Claim 4-1.

The status hearing set for August 22, 2023 is stricken.

Enter:

*Jacqueline Cox*
United States Bankruptcy Judge

Dated:   *August 17, 2023*

**Prepared by:**
Kevin B. Salam
Kevin B. Salam PC
53 W. Jackson Blvd, #1137
Chicago, IL 60604
312-606-8730
kevin@salamlaw.com