IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DR DISTRIBUTORS, LLC, *Plaintiff-Counterdefendant*, v. 21 CENTURY SMOKING, INC., and BRENT DUKE, *Defendants-Counterclaimants*, v. CB DISTRIBUTORS, INC., and CARLOS BENGOA, *Counterdefendants*. | No. 3:12-cv-50324 HON. IAIN D. JOHNSTON |

**MEMORANDUM OPINION AND ORDER**

After the Court entered action terminating sanctions, Plaintiff filed a post-judgment motion under Rules 59(e) and 60(b). Dkt. 631. In this motion, Plaintiffs seek a slew of items of relief, including (1) that the judgment be amended to reflect that the judgment is joint and several, (2) injunctive relief, (3) statutory damages, and (4) even more attorneys' fees (this time under the Lanham Act's "exceptional" case provision). Dkt. 631.[1] Defendants responded with a simple, barely two-page filing, reasonably stating that there were issues that needed to be resolved and requesting a telephonic status "to identify the specific issues to be decided and how

---

[1] Plaintiff also asked for judgment against one of Defendants' prior counsel. In its reply, it noted that this prior Defense counsel and it had resolved their issues and that the matter was moot.

1

to best proceed." Dkt. 648, at 2. Consistent with the history of this case, Plaintiff then filed a five-page reply, adding to their list of demands that default judgment be entered in favor of CB Distributors, too. Dkt. 649, at 4.

The Court agrees with Defendants' counsel that a telephonic status to identify specific issues and the best process to address those identified issues is the best course of action. So, the Court sets this action for a telephonic status on June 5, 2025, at 1:30 p.m. To orient the parties for this telephonic status, the Court notes two related points.

First, the Court has already found that Defendants are unable to pay a judgment. Indeed, this was one of the bases Plaintiff asserted to obtain the default judgment. What's more, in this motion, Plaintiff stipulates that, "Defendants have no plan to pay and are unlikely to ever pay the Monetary Judgment already entered against them, let alone any judgment on the monetary claims that still need to be adjudicated. . ." Dkt. 649, at 2. But, undeterred by that reality, Plaintiff seeks monetary damages and even more attorneys' fees. The attempt to obtain attorneys' fees under the Lanham Act seems particularly peculiar given that Plaintiff must establish that the case was "exceptional." *See Madison St. Prop., LLC v. Marcus Corp.*, No. 20 CV 50471, 2023 U.S. Dist. LEXIS 160196, at \*3 (Sept. 11, 2023) (noting that attorneys' fees are discretionary when the case is exceptional). The Court assumes Plaintiff will seek attorneys' fees by asserting that the Defendants unreasonably litigated the case. *See Lho Chi. River, L.L.C. v. Rosemoor Suites, LLC*, 988 F.3d 962, 964 (7th Cir. 2021). Given that the Court has already entered

2

default judgment against Defendants for not paying attorneys' fees for essentially unreasonable litigation actions, seeking even more unrecoverable fees for the same conduct seems like a poor use of resources for all involved.

Second, and relatedly, seeking statutory damages—however calculated—against admittedly judgment-proof defendants again seems like a poor use of resources. This is particularly true because Plaintiff will expend even more funds in pursuing this fool's errand. And if history is any guide, Plaintiff's counsel will litigate this issue with full vigor, regardless of the inevitable lack of financial recovery. Whether it is a stone, rock, or turnip one attempts to squeeze to obtain blood, the result is the same: You won't get it. *See McCown v. Samsung SDI Co.*, 22-cv-976, 2022 U.S. Dist. LEXIS 209786, at *6 (C.D. Cal. Nov. 17, 2022) (turnip); *Bd. of Trs. v. Del Valley Sign Corp.*, 945 F. Supp. 2d 649, 651 (E.D. Va. 2013) (stone); *Muirhead v. Zucker*, 726 F. Supp. 613, 614 (W.D. Pa. 1989) (rock).

Counsel for the parties are ordered to confer regarding what issues can be resolved before the telephonic status.

Entered: May 19, 2025                           By:_____
                                                                    Iain D. Johnston
                                                                    U.S. District Judge